10

Case 1:02-cv-03603-DKC    Document 15-3    Filed 05/12/2003    Page 1 of 9

# SERVICE OF PROCESS IN JAPAN

**DISCLAIMER:** THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

**Summary of Methods of Service:** (1) Hague Service Convention service by Japanese Central Authority; (2) Service by International Registered Mail (but see note regarding Japanese Statement to the Hague Conference on this Subject and case law) below; (3) Direct Personal Service by an Agent generally is **not** permitted in Japan; (4) Waiver of Service: Persons willing to waive service may execute an acknowledgement or affidavit before a U.S. consul in Japan. Note: the use of methods (2), (3) or (4) is not recommended if eventual enforcement of an American judgment in Japan is contemplated.

**Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters** (20 UST 361; TIAS 6638). Japan and the U.S. are parties to the treaty. The text of the treaty, which is largely self-explanatory, is also published in the Law Digest Volume of the Martindale-Hubbell Law Directory under the heading, "Selected International Conventions". See Rule 4(f), F.R. Cv. P. and Commentaries and C4-25 - C4-34 p. 152-168 C4-24, and Pocket Part p. 63-71 (1996). See also, Ristau, Int'l Judicial Assistance, Civil and Commercial, Int'l Law Institute, Vol. 1, Sec. 4-1-1 - 4-5-2, pp. 107-156 (1995 supp.); Epstein, International Litigation: A Guide to Jurisdiction, Practice and Strategy, Prentice Hall Law & Business, 1994 supp., Sec. 4.04, p. 4-10 - 4-24; and Born & Westin, International Civil Litigation in United States Courts, (1989), p. 136-169.

**How the Convention Works:** The Hague Service Convention provides a convenient method of obtaining service by a foreign judicial authority. Article 5 of the Convention also permits service by a method requested by the applicant, provided that it is compatible with local law. Article 10 provides for service by mail and for service by local foreign judicial officers. See Martindale-Hubbell for declarations and reservations of countries party to the Convention.

**Japanese Central Authority:** Ministry of Foreign Affairs, 2-2-1 Kasumigaseki, Chiyoda Ku, Tokyo 100-8919, Japan; tel: 011-81-3-3580-3311 ext. 2306; fax: 011-81-3-3581-7209 (direct fax to attn: Division for the Protection of Japanese Nationals Overseas, Consular and Migration Affairs Department.)

**Completing the Convention Forms:** Obtain two copies of the "Request for Service" form (USM-94) from any U.S. Marshal's office. The form is also reprinted as an annex to the Convention in Martindale-Hubbell; Ristau, Vol. 1, Sec. 4-2-3, p. 127-129 (1995 supp.); Epstein, App. 33-35; and Born & Westin, Appendix C. See also Memo No. 386, Revision No. 3, at the U.S. Marshal's office or at 16 Int'l Leg. Mat. 1331, (1977). Service by the foreign central authority is requested by sending in duplicate (one original, one copy) the completed forms, the documents to be served and any appropriate translations of the documents to be served directly to a foreign central authority. See also "Methods of Service" below regarding completing the forms.

**Page 1, Identity and Address of the Applicant:** Effective February 26, 1983, pursuant to Public Law 97-462 (96 Stat. 2527, 28 U.S.C. Fed. R. Civ. P., Rule 4(c)(2), West, 1996 Pocket Part) the U.S. Marshal no longer transmits Form USM-94 directly to the foreign central authority. Rather, the attorney representing the person seeking service should execute the portion of Form USM-94 marked "Identity and Address of the Applicant" and the portion of the "Summary of the Document to be Served". (Department of Justice Memo dtd 2/15/83 to all United States Marshals.) In addition to the name and address of applicant, it is useful to include a telephone and fax number, see Ristau, Vol. 1, Sec. 4-2-3, p. 131 (1995 supp.).

**Annotate Form Re Statutory Authority of Applicant:** Foreign central authorities have been advised that private American lawyers are authorized generally by U.S. law to effect service, and that Article 3 of the Convention permits

counsel to complete the Convention request forms. See Report of U.S. Delegation, reprinted in 17 Int'l Leg. Mat. at 316 (1978); U.S. Department of Justice Memorandum No. 386 at 14, reprinted in 16 Int'l Leg. Mat. 1331, 1335 (1977); excerpted in Digest of U.S. Practice in International Law, Department of State, Office of the Legal Adviser, 1977, pp. 484, 485-490. Nevertheless, some foreign central authorities continue to reject requests completed by attorneys unless the request form cites the specific U.S. or state law authorizing attorneys to serve process. See Report of the Special Commission on the Operation of Hague Conventions, August 1989, 28 Int'l. Leg. Mat. 1556 (1989); Epstein, App-52 (IV. Forwarding Authorities). A reference to the statutory authority to serve the document should appear prominently on the request form (there is no designated space for this), stating that "service is requested pursuant to Rule 4(c)(2), U.S. Federal Rules of Civil Procedure" which authorizes any person who is not a party and is not less than 18 years of age to serve a summons and complaint. Requests for service in matters pending in state courts should specify that the request is made pursuant to Rule 4(c)(2) of the U.S. Federal Rules of Civil Procedure and any pertinent state law.

**Page 1, Address of Receiving Authority:** The receiving Authority is the Japanese central authority listed above.

**Page 1, Signature, Done at:** The applicant dates and signs the signature block on the Request form. No seal/stamp needed.

**Page 2, Certificate:** Do not complete this part of the USM-94. This is the proof of service which will be completed by the Japanese central authority after service is effected. This page should be forwarded blank, together with the completed portion of the USM-94 to the Japanese Central Authority.

**Page 3, Summary of the Document to be Served:** The applicant should also complete this part of the USM-94. Name and address of the requesting authority is that of the applicant, generally the attorney (Rule 4(c)(2) F.R. Cv. P.) as explained above. For a sample completed form, see the U.S. Marshal's Memo 386, 16 I.L.M. 1331 et seq. (1977) and Epstein, App. 37-339.

**Transmitting the Request:** The completed request form and documents to be served and accompanying translation of the documents to be served, in duplicate (one original, one copy), should be mailed directly to the foreign central authority as provided by Article 3. No translation of the form itself is required. See note below regarding translation requirements.

**Time Frame:** The U.S. at Tokyo advises that service by the Government of Japan is generally accomplished within approximately one month from the date of receipt of the request by the central authority when the person or entity to be served resides in the Tokyo area. If outside the Tokyo area, service is generally made within about two months after receipt by the Ministry of Foreign Affairs. The Convention does not impose an obligatory time frame. Most countries take 30-90 days to effect service. Article 15, second full paragraph, sub-para (b) implies that the maximum time frame is 6 months. See Ristau, Vol. 1, Sec. 4-3-2, p. 145, 146, (1995 supp.).

**Status Reports**: Two months after the request was sent to the Japanese central authority, you may call the Ministry directly to inquire about the status of the request. Faxing a status inquiry in Japanese attaching a copy of the original request form may expedite a status report. Include your phone and fax numbers and address. In addition, you may wish to contact the Japanese Embassy or Consulate nearest you in the United States to learn if the executed requested has received from the Ministry for forwarding to the applicant (see below, Proof of Service). The Consular Section of the Embassy of Japan is located at 2520 Massachusetts Avenue, N.W., Washington, D.C. 20008, tel: 202-939-6700. There are Japanese Consulates in Anchorage, Los Angeles, San Francisco (http://www.infojapan.com:80/cgjsf/), Miami, Atlanta (http://cgjapanatlanta.org/), Guam, Honolulu, Chicago, New Orleans, Boston, Detroit, Kansas City, New York (http://ny.cgj.org:80/index.html), Portland, Houston, and Seattle. For a list of the state jurisdictions of Japanese Consulates in the U.S. see http://ny.cgj.org:80/gi/gi_2.html.

**Proof of Service:** On the reverse of the "Request for Service" form is a "Certificate of Service". After service has been

effected, the certificate, which constitutes proof of service, is completed by the Japanese central authority and returned to the applicant through the nearest Japanese consulate in the United States noted above. See Ristau, Vol. 1, Sec. 4-3-4, p. 147-148 (1995 Supp.), Epstein, Sec. 4.04(2), p. 4-14 (1994 ed.), and Born & Westin, 142.

**Translations**: The Convention does not require that the "Request for Service" form itself be translated so long as it is completed in English or French. See Taylor v. Uniden Corp. of American, 622 F. Supp. 1011 (E.D. Mo. 1985). However, some applicants have found it useful to translate the request form together with the documents to be served to expedite service. This is not required, so applicants may wish to use their own judgment in this matter. The Convention is more specific on the matter of translation of the actual documents to be served (for example, summons and complaint). Japan did not make a specific reservation regarding translations at the time it deposited its instruments of accession to the Convention. However, in response to a questionnaire circulated in 1978 by the Secretariat of the Hague Conference on Private International Law to all Central Authorities as to internal law or practice concerning language requirements, Japan replied that a translation is required. Unless the party to be served will accept service voluntarily, the documents to be served must be accompanied by a translation into Japanese. A document not accompanied by a translation will be returned to the applicant with the request to attach the required translation. See Hague Convention Handbook, 1992 edition, p. 84.*1*.

See Ristau, Vol. 1, Sec. 4-2-3(5), p. 133-138 (1995 supp.); Epstein, Sec. 4.04(1), p. 4-13 (1994 ed.),; and Born & Westin, 140. See, Greenfield v. Suzuki, 776 F. Supp. 698 (E.D.N.Y. 1991).

*1 Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and ExtraJudicial Documents in Civil or Commercial Matters, 2d, 1992, p. 42-43 (Special Positions of the United States and Japan); p. 134 (Japan - Transmission Through Postal Channels). Publisher: MAKLU Uitgevers, N.V., Koninginnelaan 96, Postbus 960, 7301 BE Apeldoorn, Netherlands. U.S. Distributor: Butterworth Publishers Inc., 10 Tower Office Park, Woburn, Boston, Massachusetts 01801 (also Newton Upper Falls, MA; Austin, TX; Redmond, WA, St. Paul, MN; and D & S Publishers, Clearwater, FL.*

Several lower U.S. courts have quashed service abroad under Article 5(a) of the Convention due to lack of translations, see Vorhees v. Fischer & Krecke, 697 F. 2d 574 (4th Cir. 1983); Harris v. Browning-Ferris Indus. Chem. Serv., 100 F.R.D. 775 (MD. La. 1984). Courts also have held that the translation requirement only applied when the document was served by the Central Authority and not direct postal service or other method of service (Lemme v. Wine of Japan Import, Inc., 631 F. Supp. 456, 463-64 (E.D.N.Y. 1986); but see Teknekron Management, Inc., v. Quante Ternmeldetechnik, 115 F.R.D. 175 (D. Nev. 1987), service in Germany was held defective where plaintiff failed to translate a lengthy contract which was attached an exhibit to the complaint.)

**Costs**: There are generally no costs incurred in connection with service through the central authority under the Convention. However, if personal service is made and the person to be served resides in some remote location, some fees may be charged. The fees will be billed to the applicant. See Ristau, Vol. 1, Sec. 4-3-3, p. 146-147 (1995).

**Service on the U.S. Military in Japan**: It is possible to effect service on members of the U.S. Armed Forces in Japan through the Japanese central authority. See also our general flyer, "Service of Process Abroad" (See "Additional Information" below). Service by mail may also be used if state law permits (APO and FPO are U.S. mail). Also, contact the Judge Advocate General's (JAG) Office at the Pentagon for the particular branch of the service (tel: 703-545-6700).

**Methods of Service**

**1. Article 5(a) - Service in Accordance with Japanese Internal Law:** To effect service under Article 5 (a) of the Convention, delete methods (b) and (c) of the Request for Service form (USM-94) and indicate method (a).

**2. Article 5, paragraph 2 - Voluntary Service**: Useful only if the person to be served is willing to be served. The local

court clerk in Japan will notiry the person to be served who may then pick up the documents at the court or request that they be forwarded by registered mail. This method of service may be requested by striking out methods (a) and (b) and indicating method (c) on the "Request for Service" form (USM-94). See Greenfield v. Suzuki, 776 F. Supp. 698 (E.D.N.Y. 1991). Translation of the documents to be served is not required using this method.

**3. Article 5(b) - Personal Service**: Strike out methods (a) and (c) on the "Request for Service" form and indicate method (b), noting that the documents should be served personally upon the person or company to be served.

**4. Articles 8 and 9 - Service by Diplomatic or Consular Channels**: While Japan has not declared that it objects to service by consular or diplomatic channels on its territory (Articles 8 and 9), U.S. Foreign Service officers are prohibited by Federal regulation (22 CFR 92.85) from serving process on behalf of private litigants or appointing others to do so, notwithstanding state law to the contrary.

**5. Article 10(b) and (c) - Service By Judicial Officer in Requested Foreign State**: On ratification, Japan declared that it objects to the use of the methods of service referred to in Article 10, sub-paragraphs b and c.

**6. Article 10(a) - Service by Mail**: At a meeting of the Hague Conference on Private International Law Special Commission April 17-20, 1989 the Japanese delegation issued a statement regarding service by postal channels. See 28 Int'l Leg. Mat. 1556 (1989)and Hague Service Convention Practical Handbook, 1992 ed., p. 134. The text of the Japanese statement to the Special Commission is as follows:

*"Japanese position on Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" Japan has not declared that it objects to the sending of judicial documents, by postal channels, directly to persons abroad. In this connection, Japan (in the statement by its representative to the Special Commission of April 1989 on the operation of the Conventions on the Service of Documents Abroad and on the Taking of Evidence Abroad) has made it clear that no objection to the use of postal channels for sending judicial documents to persons in Japan does not necessarily imply that the sending by such a method is considered valid service in Japan; it merely indicates that Japan does not consider it as an infringement of its sovereign power."*

Based on this statement of the Japanese Government, it appears that service by mail is possible, but that persons wishing to enforce a judgment issued by a court in the United States might encounter problems in Japan if service were accomplished by mail. (See March 14, 1991, the Department of State, Office of the Legal Adviser ltr to the Administrative Office of the U.S. Courts and the National Center for State Courts regarding this case, 30 Int'l Leg. Mat. 260 (1991).)

But see, FTC v. Compagnie de Saint Gobain-Pont-a-Mousson, 636 F.2d 1300 (D.C. Cir. 1980) on the issue of service via international registered mail when the document to be served is compulsory or punitive and when there is a treaty obligation to refrain from such methods of service. See also, Nash, Digest of United States Practice in International Law, Department of State, Office of the Legal Adviser, 1980 p. 452, 457 (1986).

**Historical Background:** In 1970, when Japan became a party to the Hague Service Convention it did not formally object to, or make any reservation or declaration concerning Article 10(a) in the manner prescribed by the Convention. See Ristau, Vol. 1, Sec. 4-1-6, p. 121.6 (1995 Supp.). This gave rise to numerous questions regarding the sufficiency of such service and the ability to enforce a judgment in Japan. See 12 International Lawyer 503 (1978) for a copy of correspondence from the Legal Attache of the Embassy of Japan to the Chairman, Publication Committee, Section of International Law of the American Bar Association on the subject of service of documents in Japan.

On April 15, 1983, the Embassy of Japan informed the U.S. Department of State that the Japanese Government considers that the service of documents directly upon a person residing within the territory of Japan constitutes an

exercise of the jurisdiction of the United States within the territory of Japan, and that the U.S. Government is required to seek approval of the Government of Japan before taking such measures. The Government of Japan does not recognize any legal effect of the unauthorized service. (Embassy of Japan Note No. E-29 dtd 4/15/83, to be found at Department of State File No. P830057-0145.)

Over the past several years several cases in the United States have been decided in which the courts, noting the use of the verb "to send" in Article 10(a) whereas other provisions of the Convention including Article 10(b) and (c) refer to "service" of documents. Some courts have concluded that the Convention does not permit "service of judicial documents by mail". Other courts have concluded that the Convention does permit such service. See Ristau, Vol. 1, Sec. 4-3-5, p. 150,151.1, (1995 Supp.); Born & Westin, p. 156-160; and Epstein, p. 4-14-4-18. Courts in the U.S. continue to confront this issue.[2]

*2 Selected Cases:* *Gapanovich v. Komori Corp., Superior Court of New Jersey, Appellate Division, No. Z-1045-91T3, April 14, 1992). Anabe v. Kikuchi, 141 F.R.D. 498 (D. Hawaii 1992). Fleming v. Yamaha Motor Corp. USA, 744 F. Supp. (W.D. Va. 1991). Greenfield v. Suzuki, 776 F. Supp. 698 (E.D.N.Y. 1991). Patty v. Toyota Motor Corp, 777 F. Supp. 956 (N.D. Ga. 1991). Wilson v. Honda Motor Co. Ltd., 776 F. Supp. 339 (E.D. Tenn. 1991). Cintron v. W. & D. Machinery Co., 182 N.J. Super. 126, 440 A. 2d 1242 (1990). Bankston v. Toyota Motor Corp., 889 Fed. Rptr, 2d Series, 172 (8th Cir. 1989). McClenon v. Nissan Motor Corp., 726 F. Supp. 822 (N.D. Fla. 1989). Nicholson v. Yamaha Motor Co., 80 Md. App. 695, 702, 566 A. 2d 135, 139 (Md. Ct. Spec. App. 1989), cert. denied, 318 Md. 683, 569 A. 2d 1242 (1990). Meyers v. ASICS Corp., 711 F. Supp. 1001 (C.D. Cal. 1989). Montgomery, Zukerman, Davis, Inc., v. Diepenbrock, 698 F. Supp. 1453 (S.D. Ind. 1988). Smith v. Dainichi Kinzoku Koguy Co., 680 F. Supp. 847 (W.D. Tex 1988). Truick v. Yamaha Motor Corp. 121 F.R.D. 32 (S.D.N.Y. 1988). Hantover, Inc. v. Omet, 688 F. Supp 1377 (W.D. Mo. 1988). In re Mandukich, 87 Bankr. 296 (Bankr. S.D.N.Y. 1988). Suzuki Motor Co. v. Superior Court, 200 Cal. App. 3d 1476, 249 Cal. Rptr. 376 (1988). Rissew v. Yamaha Motor Co., 129 A.D. 2d 94, 515 N.Y.S. 2d 352 (N.Y. App. Div. 1987). Sandoval v. Honda Motor Co., 364 Pa. Super. 136, 527 A. 2d 564 (1987). Prost v. Honda Motor Co., 122 F.R.D. 215 (E.D. Mo. 1987). Newport Components, Inc., v. NEC Home Electronics, Inc., 671 F. Supp. 1525, 1541 (C.D. Cal. 1987). Cooper v. Makita Electric Works Ltd., 117 F.R.D. 16, (1987). Lemme v. Wine of Japan Import, Inc., 631 F. Supp. 456 (E.D.N.Y. 1986). Ackermann v. Levine, 788 F. 2d 830, 839 (2d Cir. 1986). Zisman v. Sieger, 106 F.R.D. 194 (N.D. Ill. 1985). Pochop v. Toyota Motor Co. Ltd., 111 F.R.D. 464 (1986). Reynolds v. Woosup Koh, 109 A.D. 2d 97, 490 N.Y.S. 2d 295 (N.Y. App. Div. 1985). Mommsen v. Toro Co., 108 F.R.D. 444, 446 (S.D. Iowa 1985). Ormandy v. Lynn, 472 N.Y.S. 2d (NY.S. Sup. Ct. 1984). Weight v. Kawasaki Heavy Ind., 597 F. Supp. 1082 (E.D. Va. 1984). Chrysler Corp v. General Motors Corp., 589 F. Supp. 1182 (D.D.C. 1984). Russello v. United States, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d (1983). Dr. Ing H.C.F. Porsche A.G. v. Superior Court, 123 Cal. App. 3d 755, 177 Cal. Rptr. 155 (1981). Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S. Ct. 2051, 2056, 64 L. Ed. 2d 766 (1980). Kadata v. Hosogai, 125 Ariz. 131; 608 P. 2d 68, 74 (Ariz. App. 1980). Tamari v. Bache & Co. (Lebanon) S.A.L., 431 F. Supp. 1226 (N.D. Ill.), aff'd, 565 F. 2d 1194 (7th Cir. 1977), cert. denied, 435 U.S. 905 (1978). Shoei Kako v. Superior Court, 33 Cal. App. 3d 810; 109 Cal. Rptr. 402 (1973).*

### Selected Bibliography

Ehrenzweig, Ikehara & Jensen, American-Japanese Private International Law, Bilateral Studies in Private International Law, Parker School of Foreign and Comparative Law, Columbia University, Oceana Publications, 34-40 (1964).

Fujita, Service of American Process Upon Japanese Nationals by Registered Airmail and Enforceability of Resulting American Judgments in Japan, 12 Law in Japan 68, 73 (1985).

Gordon, Service of Process by Registered Mail on a Japanese Defendant is Ineffective Under Article 10(a) of the Hague Convention of November 15, 1965 on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Bankston v. Toyota Motor Corp., 889 F. 2d 172 (8th Cir. 1989), Vand. J. Transnat'l L., Vol. 23, No. 4, p. 851, (1990).

Hamilton, An Interpretation of the Hague Convention on the Service of Process Abroad of Judicial and Extra-Judicial Documents Concerning Personal Service in Japan, 6 Loy. L.A. Int'l & Comp. L.J. 143 (1983).

Harada, Civil Discovery Under Japanese Law, 16 Law In Japan 21 (1983).

Hattori & Henderson, Civil Procedure in Japan, Sec. 11.02(1), (1985).

Jorden, Beyond Jingoism: Service By Mail to Japan and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 16 Law in Japan 69 (1983).

Kenadjian, R. Wohl, S. Chemtob, & G. Fukushima, Practice By Foreign Lawyers in Japan, Fordham International Law Journal, Vol. 13, No. 3, pp. 390-404, (1989-1990).

Kim & Sisneros, Comparative Overview of Service of Process: United States, Japan and Attempts at International Unity, 23 Vand. J. Transnat'l L. 299, 319 (1990).

Koroyasu, Transnational Litigation: Perspectives from the U.S. and Abroad: Japan, 18 Int'l Law. 785 (1984).

MacMullin, Foreign Attorneys in Japan: Past Policies, The New Special Measures Law and Future Expectations, Florida International Law Journal, Vol. 4, No. 1, pp. 51-84, (1988).

Matsuo, Jurisdiction in Transnational Cases, Int'l Law., Vol. 23, No. 1, p. 6, (1989).

Mitsui, "Ratification of Convention Relating to Civil Procedure on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters", 16 Japanese Annual Int'l. L. 7 (1972).

Mori, The Difference Between U.S. Discovery and Japanese Taking of Evidence, 23 Int'l Law. 3 (1989).

McDowell, Digest of United States Practice in International Law, Department of State, Office of the Legal Adviser, 1976, p. 318-320 (1977).

Nash, Digest of United States Practice in International Law, Department of State, Office of the Legal Adviser, 500-501, (1977).

Nash, Digest of United States Practice in International Law, Department of State, Office of the Legal Adviser, 1978, pp. 856, 857; 865-870, (1980).

Nash, Cumulative Digest of United States Practice in International Law, 1981-1988, Vol. II, Department of State, Office of the Legal Adviser, p. 1430-1441, (1994).

Note, Recognition and Enforcement of Foreign Judgment (First District Court, Munich, Federal Republic of Germany) - Judgment Rendered by Munchen Landgericht I - Conditions for Recognition of Foreign Judgment (Art. 200, C.C.P.) - Jurisdiction of the Foreign Court - Proper Law to Determine the Validity of Jurisdictional Agreement - Interpretation of "as long as" Clause - Foreign Judgment by Default - Public Order - Guarantee for Reciprocal Recognition, Nagoya District Court, Judgment, February 6, 1987; H.J. (1236) 113 (1987), H.T. (627) 244 The Japanese Annual of International Law, 1990, No. 33, p. 189, (1987).

Note, Effect of Foreign Judgment - Divorce between Japanese Spouses - Pronounced by a California Court (Superior Court, Los Angeles County, California, U.S.A.) - Service by Mail from California Court and Article 200(2), Code of Civil Procedure - Recognition (Denied), Tokyo District Court, Judgment, November 11, 1988; H.T. (703) 271, The

Japanese Annual of International Law, 1990, No. 33, p. 208, (1989).

Note, Private International Law - Enforcement of Foreign (U.S. District Court, District of Columbia, U.S.A.) Judgment - Public Order - Reciprocity (Mutual Guarantee), Supreme Court of Japan, June 7, 1983, Supreme Court Civil Reports, Vol. 37, No. 5, pp. 611 et seq., The Japanese Annual of International Law, No. 27, p. 119, (1984).

Note, Private International Law - Enforcement of Foreign (U.S. District Court, District of Columbia, U.S.A.) Judgment - Public Order - Reciprocity (Mutual Guarantee), Tokyo High Court, March 31, 1982, The Japanese Annual of International Law, No. 27, p. 136, (1984).

Note, Private International Law - The Requisites for Recognition of a Foreign Judgment (U.S. District Court, District of Columbia, U.S.A.), Tokyo District Court, September 17, 1979, The Japanese Annual of International Law, No. 24, p. 196, (1981).

Note, Execution of Foreign Judgment (Paris Commercial Court) - Jurisdiction of Foreign Court - Place Where Obligation Performable Not Sufficient Connection to Establish Jurisdiction, Tokyo District Court, May 2, 1972, The Japanese Annual of International Law, No. 18, p. 209, (1974).

Note, Foreign Judgment of Divorce - Invalidity - Compliance with Requirements regarding Enforcement of Foreign Judgment (First Civil Court of Bravos District, Chihuahua, Republic of Mexico), Tokyo District Court, December 17, 1971, The Japanese Annual of International Law, No. 17, p. 212, (1973).

Note, International Law - Contracts - Judgment of Foreign Court (Superior Court of Los Angeles County, California, U.S.A.) - Compatibility with Public Order or Good Morals, Tokyo District Court, September 6, 1969, The Japanese Annual of International Law, No. 15, p. 181, (1971).

Note, Private International Law - Enforcement of New York Arbitral Award - The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (Article 5) - Burden of Proving Conditions to deny Recognition, Osaka District Court, April 22, 1983, The Japanese Annual of International Law, No. 27, p. 184, (1984).

Ohara, Judicial Assistance for Proceedings in the U.S., Int'l. Law., Vol. 23, No. 1, p. 10 (1989).

Peterson, Jurisdiction and the Japanese Defendant, 25 Santa Clara L. Rev. 555, 576-79 (1985).

Ramseyer, Lawyers, Foreign Lawyers, and Lawyer-Substitutes: The Market for Regulation in Japan, Harvard International Law Journal, Vol. 27, pp. 499-539, (1986).

Routh, Litigation Between Japanese and American Parties, in Current Legal Aspects of Doing Business in Japan and East Asia 188, 190-91 (J.O. Hailey ed. 1978).

Sakai & Pickard, Service of Process on a Japanese Defendant to Commence a Foreign Lawsuit, Yuasa and Hara Patent News, Summer 1978, at 5 (English Ed.)

Sawaki, Recognition and Enforcement of Foreign Judgments, Int'l Law., Vol. 23, No. 1, p. 29, (1989).

Sheeney, Japan's New Foreign Lawyer Law, Law and Policy in International Business, Vol. 19, No. 2, p. 361-383, (1987).

Symposium: Japanese Law and Practice in Transnational Litigation, Int'l Law., Vol. 23, No. 1, p. 1, (1989).

Tada, Role of Corporate Legal Departments in Japan, Int'l. Law., Vol. 22, No. 4, pp. 1141-1144, (1988).

Takaishi, Hirakawa and Tomatsu, International Civil Litigation Over Securities-Related Disputes in Japan, Hastings International and Comparative Law Review, Vol. 14, No. 2, 423, (1991).

Takakuwa, A. - Service of documents and taking of evidence in transnational civil cases in Japan; Hoso Jiho, Vol. 37, No. 4, p. 1.

Yamaoka, Address, Letters Rogatory, A Symposium Before the Consular Law Society, (Bernard Grossman, ed.), p. 22-34, (1956).

Yamanouchi and Cohen, Understanding the Incidence of Litigation in Japan: A Structural Analysis, Int'l Law., Vol. 25, No. 2, p. 443, (1991).

**Additional Information:** We have general flyers and other country specific flyers on judicial assistance:

>   Hague Service
>   Service of Process - General
>   Preparation of Letters Rogatory - General
>   Obtaining Evidence in Japan
>   Hague Legalization of Documents

**Using the Internet:** Many of our judicial assistance flyers are also available on the Internet via the Department of State, Bureau of Consular Affairs home page under Judicial Assistance. See also, the Department of State, Office of the Legal Adviser for Private International Law home page. See also the home pages for many of our embassies. As noted above, the text of the Convention and updated information concerning countries which have acceded to the Convention can be found in the Martindale-Hubbell Law Directory, Law Digest Volume. For the United Nations Treaty Database via the Internet, see Databases/Treaties at http://untreaty.un.org.

**Questions:** Contact our East Asia and Pacific Division at (202) 647-5226 or (202) 647-6769. Questions may also be addressed to the U.S. Central Authority: Office of International Judicial Assistance, Civil Division, Department of Justice, Washington, D.C. 20530, (202) 307-0983.

Return to Judicial Assistance Page