UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STRATAGENE,<br><br>          Plaintiff,<br><br>   v.<br><br>TAKARA HOLDINGS, INC. and<br>TAKARA BIO, INC.,<br><br>          Defendants. | Civil Action No. 02-3603 (WMN) |
| TAKARA BIO, INC.<br><br>          Plaintiff,<br><br>   v.<br><br>STRATAGENE<br><br>          Defendant. | Civil Action No. 03-1871 (WMN) |

**PLAINTIFF/DEFENDANT STRATAGENE'S MOTION TO ASSIGN
THE STRATAGENE-TAKARA LITIGATIONS TO JUDGE CHASANOW**

In the interests of justice and judicial economy, Stratagene hereby moves the Court to reassign the cases captioned *Stratagene v. Takara Holdings, Inc., et al.,* No. 02-3603 (WMN) and *Takara Bio, Inc. v. Stratagene, Inc.,* No. 03-1871 (WMN) (collectively "the Stratagene-Takara Litigations") to Judge Chasanow of the United States District Court for the District of Maryland, Greenbelt Division.  Judge Chasanow is currently

presiding over the case captioned *Stratagene v. Invitrogen Corp.,* No. 01-3655 (DKC), which involves the same technology, the same patent, the same core issues of operative fact, the same Stratagene documents and evidentiary issues, and many of the same witnesses as the Stratagene-Takara Litigations. As such, assignment of these cases to Judge Chasanow would be in the interests of justice and preserve the scarce judicial resources of this Court.[1] It would also reduce the possibility of inconsistent judgments from this Court on both factual and procedural issues. We have contacted counsel for Takara and he has indicated he does not support assignment of these cases to Judge Chasanow.

## BACKGROUND

On November 4, 2002, Stratagene filed suit against Takara Holdings, Inc. and Takara Bio, Inc. for infringement of U.S. Patent No. 5,556,772 ("the '772 patent") in Greenbelt (*Stratagene v. Takara Holdings, Inc., et al.,* No. 02-3603 (WMN)). Rather than file an Answer to that action, on April 14, 2003, Takara Bio filed a two-count Complaint in the United States District Court for the Southern District of California for correction of inventorship of the '772 patent, and for declaratory judgment of co-ownership of the '772 patent. Stratagene responded by moving in the California court for transfer of Takara Bio's inventorship/ownership action to this Court pursuant to the "first-to-file" rule, as there was substantial overlap of the parties and subject matter between the two cases. On June 17, 2003, the California court granted Stratagene's motion to transfer, sending Takara Bio's inventorship/ownership case to this Court. At issue in this inventorship/ownership counter-suit is not only the '772 patent, but also U.S.

---

[1] The Stratagene-Takara Litigations are the subject of a Motion to Consolidate currently pending before the Court.

2

Patent No. 5,436,149 ("the '149 patent"), by assignment of which Takara Bio claims to have some ownership rights in the subject matter of the '772 patent.

Currently pending since November 26, 2001 in Greenbelt, before Judge Chasanow, is *Stratagene v. Invitrogen Corp.*, which is a suit for infringement of the '772 patent. Again, like the Stratagene-Takara Litigations, Invitrogen has put at issue the '149 patent, this time as the basis for a counter-claim of invalidity of the '772 patent. This case has been pending for almost two years, and has significantly advanced through motion practice and the discovery process.

## ARGUMENT

This Court should assign the Stratagene-Takara Litigations to Judge Chasanow in the interests of justice and to preserve judicial resources. First, assigning the Stratagene-Takara Litigations will preserve judicial resources. The technology in all three cases, while the same, is also very complex. In general, the claims of the '772 patent are directed to so-called "polymerase blends" – mixtures of particular enzymes having particular characteristics that are useful in biotechnology research. The Invitrogen litigation has advanced significantly, with discovery nearly complete. Depositions have been taken and summary judgment motions have been filed. As such, Judge Chasanow has already undertaken the task of familiarizing herself with this intricate DNA technology. It would, therefore, be a waste of judicial resources for this Court to duplicate the process of educating itself as to the complicated biotechnology at issue in these litigations.

As well, there is significant overlap of witnesses and factual issues in all three cases. The inventors of the '772 patent will play a significant role in all three cases, as

3

will Dr. Wayne Barnes, the inventor of the '149 patent and a key witness in both the Stratagene-Takara Litigations as well as the Invitrogen case. Many of the operative documents and other evidence is the same in all three cases. As such, the interests of justice and judicial economy are better served if one court presides over the discovery process, and can thus issue consistent rulings on any discovery disputes which may arise.

Second, assigning these cases to Judge Chasanow will avoid the significant possibility of inconsistent legal and factual decisions. As both the Stratagene-Takara Litigations as well as the Invitrogen case are patent infringement litigations regarding the '772 patent, the court will necessarily construe the claims of that patent. Pursuant to the Supreme Court decision in *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 384-391 (1996), this is a question of law for the judge. Having a single court construe the claims of the '772 patent will avoid the issuance of unnecessarily divergent claim constructions of the same patent.

Similarly, the court in all three civil actions will be faced with both legal and factual issues regarding the '149 patent; the court must determine the meaning, import and relevance of its claims to both the validity and ownership of the '772 patent. Again, having one court oversee the determination of these issues will avoid the risk of differing factual and legal determinations regarding the same operative set of facts, and, importantly, the same patent.

## CONCLUSION

For the foregoing reasons, Stratagene requests this Court to assign the two actions, captioned *Stratagene v. Takara Holdings, Inc., et al.,* No. 02-3603 (WMN) and *Takara Bio, Inc. v. Stratagene, Inc.,* No. 03-1871 (WMN) to Judge Chasanow in the Greenbelt Division.[2]

Dated:  July 30, 2003

Respectfully submitted,

/s/ Scott A.M. Chambers, Ph.D.
Marc R. Labgold, Ph.D.
Kevin M. Bell (Bar # 14382)
Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
Telephone:  (703) 744-8000
Facsimile:  (703) 744-8001

Richard J. Oparil (Bar # 13063)
PATTON BOGGS LLP
2500 M Street, N.W.
Washington, D.C. 20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315

Attorneys for Plaintiff/Defendant Stratagene

---

[2]  A courtesy copy of this motion has been provided to J. Chasanow's chambers.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that they caused the foregoing to be served by hand-delivery on the following attorney of record on July 30, 2003:

> Linda Liu Kordziel, Esq.
> Fish & Richardson, P.C.
> 1425 K Street, N.W., 11th Floor
> Washington, DC  20005

_____/s/_____
Scott A.M. Chambers, Ph.D.

6