UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STRATAGENE,<br><br>            Plaintiff,<br><br>  v.<br><br>TAKARA HOLDINGS, INC. and<br>TAKARA BIO, INC.,<br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 02-3603 (WMN) |

**STRATAGENE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS
FOR CONSOLIDATION AND ASSIGNMENT TO JUDGE CHASANOW,
AND IN OPPOSITION TO TAKARA BIO'S CROSS-MOTION FOR
TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA**

On July 29, 2003, Stratagene moved to consolidate *Stratagene v. Takara Holdings, Inc. and Takara Bio, Inc.* and *Takara Bio, Inc. v. Stratagene* (the "Stratagene/Takara litigations"). On July 31, 2003, Stratagene moved to assign the Stratagene/Takara litigations to Judge Chasanow.  Takara Bio, Inc. filed an opposition to the July 29, 2003 motion (Civil Action No. 03-1871 (WMN)) but did not formally file a reply to the assignment request in Civil Action No. 02-3603 (WMN):  the July 31 request.

In yet another attempt to delay the proper adjudication of the merits of this case, rather than address either the asserted basis of Stratagene's motion to consolidate (based on Federal Rule of Civil Procedure 42(a)), or the basis of Stratagene's motion for reassignment of the consolidated action to Judge Chasanow (based on the Court's inherent power to control its

docket), Takara[1] ignored both, instead repeating arguments from its now denied motion to dismiss, quash or transfer.  (*See* Opp. at 1-3).[2]  Because Takara's ownership action is merely an attempt to deprive the patentee Stratagene of its choice of forum and should have been brought as either an affirmative defense or counterclaim to Stratagene's infringement action, this Court should consolidate these two actions containing common questions of fact and law.  Moreover, this Court should assign the consolidated actions to Judge Chasanow because she has extensive experience with the patent at issue in the Stratagene/Takara actions.  As set forth in our opening brief and in light of the fact that the U.S. District Court for the Southern District of California transferred Takara's ownership action to this Court, as well as the fact that this Court denied Takara's motion to transfer Stratagene's infringement action to California, this Court should deny Takara's request to retransfer its ownership action back to California.  Takara should be cautioned against its continued frivolous attempts to delay the proper adjudication of this matter.

**I.    THIS COURT SHOULD CONSOLIDATE THE STRATAGENE/TAKARA ACTIONS**

Stratagene filed the *Stratagene v. Takara Holdings, Inc.* and *Takara Bio, Inc.* case in Greenbelt, Maryland.  However, rather than provide an answer, Takara filed the *Takara Bio, Inc. v. Stratagene* case in California.  On June 17, 2003, the California court ordered transfer of that action to this Court under the first to file rule.

---

[1]    "Takara" collectively refers to Takara Shuzo, Co., Ltd., Takara Holdings, Inc. and Takara Bio.

[2]    Takara filed an omnibus memorandum that included its opposition to Stratagene's motions for consolidation and assignment of the consolidated litigations to Judge Chasanow, and in support of a cross-motion for transfer to the Southern District of California.  *See* Takara Bio's Memorandum Opposing Stratagene's Motion for (1) Consolidation, (2) Transfer to the Greenbelt Division, and (3) Supporting Takara Bio's Cross-Motion for Transfer to the Southern District of California. (Hereinafter "Opp.").

Once the California action was transferred to Maryland, Stratagene then moved to consolidate the cases pursuant to Federal Rule of Civil Procedure Rule 42(a), which authorizes this Court to consolidate "actions involving a common question of law or fact." *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999). As established in the brief accompanying that motion, the Stratagene/Takara cases involve common questions of law and fact because each case involves the same patent, the same technology, and the same parties. Indeed, the two claims Takara asserted in its California action could (and should) have been brought as counterclaims and/or affirmative defenses to Stratagene's infringement suit. Even Takara admits that the subject matter between the two cases are integrally related: its notice of related case filed in California stated "the two cases are related in that ... (iii) the patent asserted to be infringed in the Maryland action by Stratagene is the same patent with regard to which Takara Bio seeks a correction of inventorship in the instant case."

Without imposing any additional burden or confusion, consolidation would limit any risk of inconsistent adjudication while preserving judicial and party resources by preventing litigants from pursuing two separate cases involving the same facts and issues. Consolidation would also not result in any prejudice to Takara because the individual suits have not progressed to a point where consolidation would create any delay. Therefore, consolidation is a proper exercise of this Court's discretion.

Indeed, Judge Brewster astutely stated at the June 16, 2003 oral argument on Stratagene's motion to transfer Takara's ownership action to this Court that Takara's claims of ownership and joint inventorship "are all collateral and subsidiary to getting to the real reason for being here, which is money, and that is the infringement suit, and that's pending in Maryland." (Ex. 1, Tr. 28). In fact, Judge Brewster expressed his intent of transferring Takara's ownership action to

this Court to avoid two co-pending cases involving the same parties and the same patent; hence to enable its consolidation with Stratagene's affirmative infringement suit. (Ex. 2, June 17, 2003 Order Granting Defendant's Motion to Transfer ("Defendant based its motion on the ground that another action involving the same parties and the same patent is already pending in the United States District Court for the District of Maryland.")).

In its opposition, Takara fails to even mention Rule 42(a) or its jurisprudence. Instead Takara relies upon its now denied motion to dismiss, quash or transfer, and further asserts that its action for ownership should not be consolidated with the infringement action because the ownership issue may be dispositive.[3] This argument is a red herring. If the Court were to follow Takara's logic, every patent infringement action that involved any affirmative defense or counterclaim would require a stay of the affirmative action while the defenses and counterclaims were litigated. Such an outcome is clearly untenable and would vitiate a patentee's Constitutional patent rights. *See* U.S. Const. art. I, § 8, cl. 8 (granting Congress the power to grant exclusive rights to inventors). Patents are presumed valid and, as such, this Court should not follow Takara's faulty logic. 35 U.S.C. § 282.

**II.   THIS COURT SHOULD ASSIGN THE CONSOLIDATED STRATAGENE/TAKARA ACTIONS TO JUDGE CHASANOW**

In its opening memorandum, Stratagene moved this Court, pursuant to its inherent authority, to reassign *Stratagene v. Takara Holdings, Inc., et al.*, No. 02-3603 (WMN) and *Takara Bio, Inc. v. Stratagene*, No. 03-1871 (WMN) to Judge Chasanow of the United States

---

[3]   Takara also contends that its ownership action should not be consolidated with the infringement action since the California court allegedly improperly transferred the ownership action to this Court "[b]ecause this district is not one where this action 'might have been brought.'" Opp. at 19 (citing 28 U.S.C. § 1404(a)). This argument is another red herring because Stratagene's motion to transfer the ownership action was not based upon § 1404(a). Thus, the language of the statute is inapplicable.

4

District Court for the District of Maryland, Greenbelt Division, in the interest of justice and judicial economy. Stratagene proffered this motion purely in attempt to reduce the burden upon this Court's docket. It is entirely within the discretion of this Court as to how to manage its docket. Judge Chasanow is already presiding over the case captioned *Stratagene v. Invitrogen Corp.*, No. 01-3655 (DKC), which involves the same technology, the same patent, the same core issues of operative fact, the same Stratagene documents and evidentiary issues, and many of the same witnesses as the Stratagene/Takara litigations. Such assignment would also reduce the possibility of inconsistent judgments from this Court on both factual and procedural issues.

In opposition, Takara proffers three arguments as to why -- in its opinion -- judicial economy and the interest of justice would not be served by transfer to Judge Chasanow. First, Takara alleges that Judge Nickerson has experience with the Stratagene/Takara cases from deciding Takara's motion to dismiss, quash or transfer in the infringement action. Second, Takara contends that Judge Chasanow does not have experience with issues relevant to the Stratagene/Takara actions such that there would be any savings for judicial economy by assignment.[4] Third, Takara argues that the Invitrogen case is currently stayed and will remain so because of a re-examination of the patent-in-suit.

Despite Takara's argument, Judge Nickerson's evaluation of Takara's motion to quash, dismiss or transfer did not require or provide exposure to the substantive technological issues involved in the infringement and ownership dispute. The resolution of Takara's motion merely required this Court analyze issues of personal jurisdiction and service. In contrast, Judge

---

[4] Takara also contends that the Stratagene/Takara cases should not be assigned to Judge Chasanow because Stratagene has failed to meet the requirements of 28 U.S.C. § 1404(a). However, this argument is misplaced -- Stratagene does not rely upon 28 U.S.C. § 1404(a) for its motion to reassign its Stratagene/Takara litigations to Judge Chasanow. As both cases reside in the Greenbelt Division, Stratagene based its motion for reassignment upon the Court's inherent authority to control its docket.

Chasanow has extensive experience with the technology and facts underlying the Stratagene/Takara cases -- much more than Takara acknowledges. *See* Opp. at 9-10 (noting the issue of disqualification of Invitrogen's counsel and Invitrogen's motion for default judgment). Indeed, the parties have filed extensive summary judgment briefings that involve many of the same facts and legal issues that will arise in the Stratagene/Takara cases before Judge Chasanow and will renew their motions if the case is not resolved. *See* Ex. 3, *Stratagene v. Invitrogen* docket sheet, summary judgment motions and exhibits at docket numbers 61, 68-76, and 81-82. Moreover, the Stratagene/Invitrogen case was stayed as part of a cooling off period to allow the parties to reach a global settlement of numerous litigations, it was not stayed because of a reexamination.[5] (Tr. at 10).

Finally, this Court should deny Takara's illogical and baseless cross-motion for re-transfer of the ownership action back to Southern California, as that court transferred the action to Maryland, and this Court has recently denied Takara's motion to transfer Stratagene's infringement action to California.

### III.   CONCLUSION

For the foregoing reasons, Stratagene requests this Court exercise its discretion and assign the Stratagene/Takara litigations to Judge Chasanow in the Greenbelt Division. Should this Court decide to retain this action in its present form, Stratagene requests an early status conference to ensure that this matter proceed to an adjudication of the merits without frivolous procedural motion practice.

---

[5]   Invitrogen has moved for a stay based upon reexamination; however, unless a global resolution of the parties' differences is found, Stratagene will oppose such a stay. *See Ethicon, Inv. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) (indicating the appropriateness of concurrently litigating and reexamining a patent).

Dated: August 26, 2003                                  Respectfully submitted,


/s/ Scott A.M. Chambers, Ph.D.
Marc R. Labgold, Ph.D.
Kevin M. Bell (Bar # 14382)
Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
Telephone: (703) 744-8000
Facsimile: (703) 744-8001


Richard J. Oparil (Bar # 13063)
PATTON BOGGS LLP
2500 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Plaintiff/Defendant Stratagene

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that they caused the foregoing to be served by hand-delivery on the following attorney of record on August 26, 2003:

>Linda Liu Kordziel, Esq.
>Fish & Richardson, P.C.
>1425 K Street, N.W., 11th Floor
>Washington, DC  20005

>>/s/
>>Scott A.M. Chambers, Ph.D.