Exhibit 1

# COPY

1              UNITED STATES DISTRICT COURT

2            SOUTHERN DISTRICT OF CALIFORNIA

3

4 TAKARA BIO, INC.,         )  Case No. 03CV0742-B(AJB)
                       )
5        Plaintiff,     )  San Diego, California
                       )
6 vs.                )  Monday,
                       )  June 16, 2003
7 STRATAGENE, et al.,     )  10:30 a.m.
                       )
8        Defendants.    )
  ———————————————————————)
9

10              TRANSCRIPT OF MOTION HEARING
11        BEFORE THE HONORABLE RUDI M. BREWSTER
           UNITED STATES DISTRICT JUDGE
12
APPEARANCES:
13
For the Plaintiff:         SUSAN ELIZABETH EMRICH, ESQ.
14                     Fish & Richardson, P.C.
                    4350 La Jolla Village Drive
15                     Suite 500
                    San Diego, California 92122
16                     (858) 678-5070

17 For the Defendants:        MICHAEL L. KIRBY, ESQ.
18                     Post, Kirby, Noonan & Sweat,
                     LLP
19                     600 West Broadway
                    San Diego, California 92101
20                     (619) 231-6666

21                     MARC R. LABGOLD, Ph.D.
                    SCOTT A.M. CHAMBERS, Ph.D.
22                     PATTON, BOGGS, LLP
                    8484 Westpark Drive
23                     McLean, Virginia 22102
                    (703) 744-8000

24
Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

ii

1 | Transcript Ordered by:        SUSAN E. EMRICH, ESQ.

2

3 | Court Recorder:               Suzie Dinsmore
                                  United States District Court
4 |                               940 Front Street
                                  San Diego, California 92101
5

6

7 | Transcriber:                  L. L. Francisco
                                  Echo Reporting, Inc.
8 |                               6336 Greenwich Drive, Suite B
                                  San Diego, California 92122
9 |                               (858) 453-7590

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1   <u>SAN DIEGO, CALIFORNIA,  MONDAY, JUNE 16, 2003  10:30 AM</u>

2                            --oOo--

3        (Call to the order of the Court.)

4             THE CLERK:  Number 7 on calendar, 03CV0742, Takara

5   vs. Stratagene for motion hearing.

6             MS. EMRICH:  Good morning, your Honor.  Susan

7   Emrich of Fish & Richardson  for Plaintiff, Takara Bio.

8             THE COURT:  May I have your name again, please?

9             MS. EMRICH:  Susan Emrich.

10            THE COURT:  Emrich.

11            MS. EMRICH:  Yes, sir.

12            THE COURT:  Thank you.

13            MR. KIRBY:  Good morning, your Honor.  Michael

14  Kirby.

15            THE COURT:  Good morning.

16            MR. KIRBY:  And also appearing, your Honor, are

17  Scott Labgold -- excuse me -- Mark Labgold and Scott

18  Chambers.  I knew I'd get that mixed up.  They have pending

19  pro hac vice applications which may or may not have been

20  approved, but if they have not, your Honor, I would move

21  that they be approved and --

22            THE COURT:  Very well.  They'll be approved.  I

23  haven't seen them.  They're probably in the system

24  somewhere.

25            MR. KIRBY:  And they will handle the oral

2

1 argument, your Honor.  Thank you.

2          THE COURT:  Very well.

3          This is a motion by Stratagene to dismiss, stay or

4 transfer the action because of another action pending, as I

5 understand it, in Maryland.  I've reviewed the material,

6 moving and responding.  I'd like to hear first from Ms.

7 Emrich.  Ms. Emrich, you have the laboring oar in this

8 motion.  It appears to me that -- it appears to me that the

9 matter should be transferred to Maryland.  So I'll give you

10 10 minutes to -- give me your best 10 minutes and dissuade

11 me.

12          MS. EMRICH:  Certainly, your Honor.  I appreciate

13 the opportunity.

14          Your Honor, in determining -- the first to file

15 rule is not an inflexible rule.  Rather it's a rule that

16 needs to be implied -- to be applied flexibly and with an

17 eye to determining which forum in which all best interests

18 could be served.

19          Among other considerations, the Court needs to

20 consider the convenience of the parties, the witnesses and

21 other factors which would dictate would court would be the

22 most appropriate forum to hear the matter.

23          In this case, that clearly would be the present

24 court.  The Defendant, Stratagene, is incorporated here, has

25 its headquarters here.  Its witnesses are located here.  The

3

1 witnesses to the development and alleged invention that is

2 in issue are located here.  All of the documents originated

3 here.  And all of Defendant's materials and witnesses are

4 located here.

5       On the other hand, all of Plaintiff's witnesses

6 and materials are located in Japan.  It would be far more

7 convenient for the Plaintiff to be present in this forum to

8 obtain witnesses and have them travel to California as

9 opposed to Maryland.  The communications are much easier

10 with the client from here as opposed to Maryland.  And the

11 convenient -- there is no reason for this action to be

12 pending in Maryland.

13       The only reason that Stratagene offers for filing

14 this case in Maryland is, one, there is another case pending

15 before another district judge in another district in

16 Maryland.  That case is the case against Invitrogen.  That

17 case, your Honor, has been stayed.  It is no longer active.

18 It has been stayed.

19       Secondly, Stratagene contends that it has brought

20 the case in Maryland under a stream of commerce theory of

21 infringement.  Well, such a theory of infringement, if taken

22 to the extreme, would allow jurisdiction in any district

23 court in this nation.  They don't suggest why Maryland was

24 the chosen forum.

25       Moreover, Takara Bio is not subject to personal

4

1 jurisdiction in Maryland.  Takara Bio does not do business

2 in Maryland, and Stratagene does not even argue that Takara

3 Bio directly infringed in the State of Maryland.  Rather, it

4 says that Takara Bio committed acts of infringement through

5 its distributors and resalers -- resellers in Maryland.

6        It does not contend that Takara Bio did anything

7 in Maryland, nor could it, because Takara Bio does not do

8 business in Maryland at all.

9        Thus, if the Court were to transfer the case to

10 Maryland at present, the district court in Maryland would

11 simply dismiss the case for lack of personal jurisdiction,

12 and we would be back out here -- or transfer the case back

13 out here, and we would be back out here.

14        What I would like to suggest, if the Court is

15 indeed interested at the moment in transferring the case to

16 Maryland, that the Court instead stay this case, allow the

17 Maryland court to determine the motion to quash service of

18 process, the motion regarding inadequate service of process

19 and lack of personal jurisdiction.

20        And once that court decides that motion, have us

21 come back here, advise the Court as to what the Maryland

22 court has determined, and then if at that point the Court is

23 still inclined to transfer, we could transfer after the

24 Maryland court makes a decision.

25        THE COURT:  Transfer back to Maryland?

5

1          MS. EMRICH:  Yes.

2          THE COURT:  And you say the motion presently in

3  Maryland is to dismiss it because they don't have

4  jurisdiction over Takara?

5          MS. EMRICH:  It's a multi-prong motion.  It's a

6  motion to quash for inadequate service of process.  It's a

7  motion to quash service of process.  It's a motion to

8  dismiss for lack of personal jurisdiction.  And in the

9  alternative, if that Court has jurisdiction, it's a motion

10 to transfer the case out here.  So it's a four-prong motion

11 that's currently pending that has been filed by Takara Bio

12 and Takara Holdings in the Maryland court.

13         THE COURT:  Involving the same issues,

14 infringement?

15         MS. EMRICH:  The Maryland action involves a

16 question of an infringement.  This case we do not believe

17 involves the same or substantially similar issues.  This

18 case involves a question of inventorship under Section 256

19 of Title 35.  But we do not dispute that it does indeed

20 involve substantially the same parties if the Court

21 determines that Takara Bio and Takara Holdings are subject

22 to the jurisdiction of that court.

23         And we do not dispute, for purposes of the motion,

24 that that -- it was indeed technically the first filed case

25 if the Court does assume that it has jurisdiction, which it

6

1  has not done as of yet.

2        I do not believe we have a hearing -- we do not

3  have a date -- hearing date on that motion.  It was

4  submitted, and we anticipate the Court's ruling shortly.

5        THE COURT:  Am I going to hear from Mr. Labdale

6  (sic) or Mr. Chambers?

7        MR. LABGOLD:  Mr. Labgold.  Thank you.

8        THE COURT:  How do you spell your last name, sir?

9        MR. LABGOLD:  L-A-B, as in boy, G-O-L-D.  Labgold.

10        THE COURT:  L-A-B-G-O- --

11        MR. LABGOLD:  L-D, gold.

12        THE COURT:  Labgold.  Thank you.  Okay.

13        Mr. Labgold, is it correct that there's a motion

14  to dismiss the action for lack of personal jurisdiction in

15  Maryland?

16        MR. LABGOLD:  Yes, there is.

17        THE COURT:  It's Stratagene's case against Takara?

18        MR. LABGOLD:  Against Takara.  Yes, there is.

19        THE COURT:  If that motion is granted, that will

20  dismiss that case in Maryland, will it not?

21        MR. LABGOLD:  If it were to be granted, that

22  would, in fact, dismiss.

23        THE COURT:  And you're the Plaintiff of that case?

24        MR. LABGOLD:  That's correct.

25        THE COURT:  So if that happens, you're going to

7

1 have to go elsewhere.

2          MR. LABGOLD:  Yes.  We would have to refile our

3 case in another jurisdiction.

4          THE COURT:  Why did you choose Maryland?

5          MR. LABGOLD:  The answer to that is very simple,

6 and opposing counsel -- although some of the facts that came

7 out are not directly comporting with what happened.

8          We filed suit against a company called Invitrogen

9 in that jurisdiction because Invitrogen merged with a

10 company called Life Technologies, Incorporated.  LTI, Life

11 Technologies, Inc., had long been located in Gaithersburg,

12 Maryland, and Invitrogen did a merger wherein they assumed

13 Invitrogen's name, but assumed the corporate identity, if

14 you will, in structure, making their headquarters in

15 Maryland.

16          There were previous litigation between Invitrogen

17 and Stratagene which are still pending.  There's a variety

18 of litigation, if you will, on different topics, different

19 patents, different products.

20          When we brought that action against Invitrogen, it

21 was because we were bringing it in their home court.

22          THE COURT:  But this -- but you sued -- I thought

23 you sued Takara there.

24          MR. LABGOLD:  We sued Takara there --

25          THE COURT:  That's what I'm curious about.

8

 1          MR. LABGOLD:  -- as the second case.  And the

 2 reason why --

 3          THE COURT:  And why did you sue Takara there?

 4 That's my question.

 5          MR. LABGOLD:  Because we already had a case

 6 pending in that court and --

 7          THE COURT:  Against Takara?

 8          MR. LABGOLD:  No, against Invitrogen.  So we

 9 had --

10          THE COURT:  Well, what's that got to do with the

11 suit against Takara?

12          MR. LABGOLD:  Well, we had personal jurisdiction

13 over Takara.  There is no question that there is personal

14 jurisdiction over Takara.

15          THE COURT:  I understand.  But why did you sue

16 them there?

17          MR. LABGOLD:  Because the court -- we were in a

18 court which already had familiarity with the patent.  It

19 seemed like to be taking --

20          THE COURT:  Oh, okay.  You sued Invitrogen on the

21 same patent that you sued Takara on.

22          MR. LABGOLD:  I apologize for that.  Yes.

23          THE COURT:  I see.  Okay.

24          MR. LABGOLD:  So there's a parallel suit --

25          THE COURT:  But is it before the same judge?

9

1           MR. LABGOLD:  Right now it's not.  We're going to

2 move to consolidate.  It is in -- there's an argument that's

3 made in the brief, and there's an argument that was made in

4 oral argument that it's in a separate district or division.

5           THE COURT:  Yes.  Separate division.

6           MR. LABGOLD:  It's not.  It's in the Southern

7 District, and it's in the Greenbelt courthouse.  And there's

8 a misunderstanding on Fish & Richardson's part because they

9 filed papers in the Baltimore court, which the court didn't

10 know what to do with.  But their filing of papers in the

11 wrong court doesn't mean that that's where it is.

12           THE COURT:  So it's in the same courthouse?

13           MR. LABGOLD:  Same courthouse.

14           THE COURT:  Both suits are in the same courthouse,

15 but different judges?

16           MR. LABGOLD:  Correct.  That's correct.

17           Now, with regard to the issue that the

18 Invitrogen -- the related sister case, if you will, has been

19 stayed, was the point here.  It was not stayed by the court.

20 What happened was is that the parties were getting to a

21 point in discovery where we were about to embark upon a very

22 heavy discovery schedule on these unrelated -- two other

23 unrelated cases.  There were material events which happened

24 which are not relevant to what's before us.

25           But based upon that, counsel for the parties

10

1 agreed that it might be an opportunity for the parties to

2 try and sit down and talk to one another.  And so what the

3 parties agreed to was a brief cooling off period through the

4 summer.

5          And to the extent that there was not -- they were

6 not able to reach a global settlement of all of the

7 litigation or of one or another part, the cases were all re-

8 established, and we basically, in conjunction with the

9 court's discretion in Maryland, put everything on hold

10 pending how the parties make out during the summertime.

11          THE COURT:  Then you sued Takara in Maryland.

12          MR. LABGOLD:  Correct.

13          THE COURT:  After you cooled off on the other

14 case?

15          MR. LABGOLD:  No, no.  We're cooling off right

16 now.

17          THE COURT:  But did you file before you cooled off

18 the other case?

19          MR. LABGOLD:  Yes.  Yes.  And both cases were --

20          THE COURT:  So you had two cases pending.  Was

21 there any motion made to consolidate them or --

22          MR. LABGOLD:  No.  The first paper that happened

23 was the motion to quash, dismiss, transfer.

24          THE COURT:  That was filed immediately after you

25 filed your Stratagene case?

11

1          MR. LABGOLD:  Exactly.  And we believe, quite

2 honestly, we've been accused of forum shopping because we've

3 sued Takara in Maryland.  I mean, quite honestly, I would

4 have expected that to be an argument which I would have

5 heard if I would have filed against one party in one court

6 and then turned around against another party on the same

7 patents in another court.

8          You could argue that I'm forum shopping, but by au

9 taking the best efforts to put it into the same jurisdiction

10 is anything but forum shopping.  For better or for worse, we

11 wanted to seek the judicial economy which could be afforded.

12          THE COURT:  If your case against Takara is

13 dismissed for lack of personal jurisdiction, you're going to

14 be forced to go to another forum.

15          MR. LABGOLD:  That's right.  And there's an issue

16 with --

17          THE COURT:  Where would you go?

18          MR. LABGOLD:  Well, we're obviously standing

19 before you.  They've --

20          THE COURT:  Well, yeah, but you didn't file this

21 suit, did you?

22          MR. LABGOLD:  No, no.  I mean --

23          THE COURT:  So you're not exactly standing before

24 me.  You were hog-tied and you were brought before me.

25          MR. LABGOLD:  Kind of like that.

12

1          THE COURT:  So my question is, if you're dismissed

2    out of Maryland, where would you go?

3          MR. LABGOLD:  Well, the logical place, from our

4    perspective, would be one of the places where the

5    distributors are.  That's Wisconsin.  And there's another

6    one in the mid -- in Pennsylvania.

7          THE COURT:  Is there a distributor --

8          MR. LABGOLD:  So those would be the logical

9    choices because that's where the act of infringement had

10   occurred.

11         THE COURT:  Is there a distributor in Maryland?

12         MR. LABGOLD:  There is a distributor of Takara's

13   other products, not the product in question, in Maryland.

14   They have regional distributors for various product lines.

15         THE COURT:  Doing regular business there.

16         MR. LABGOLD:  Correct.  And part of the --

17         THE COURT:  They don't distribute this product

18   there?

19         MR. LABGOLD:  They do distribute this product into

20   Maryland, but not from a Maryland-based distributor.  It

21   comes from the other regional distributors.  And part of the

22   evidence that we put before you in the declarations was

23   evidence of purchase and sale within the jurisdiction.

24         THE COURT:  You didn't name California.  Do you

25   have jurisdiction over Takara and California?

13

1          MR. LABGOLD:  Well, I mean, arguably, I believe we

2 would because they've stated to this Court -- I think they

3 would be estopped from arguing that there is no jurisdiction

4 over them here.

5          THE COURT:  Well, I don't know that they said

6 that.  They said -- your company is 100-percent here, but

7 they said that their people are all in Japan.

8          MR. LABGOLD:  Well, under -- arguably, under --

9          THE COURT:  I don't remember if she said that

10 California has jurisdiction.  I didn't hear her say that.

11          MR. LABGOLD:  And arguably, under their theory

12 that if it's just simply a flow of commerce, we could find

13 ourselves in a situation where we were before this Court,

14 and they would argue that this is not where the act of

15 infringement was.  This is not where the people are.  And so

16 we could find ourselves in a similar situation.  It wouldn't

17 be the first time that a party would, you know, try and take

18 advantage of those types of procedural positions.

19          It would seem logical for our standpoint that if

20 we were going to be in another, you know, forum, it would

21 probably be --

22          THE COURT:  Have you explored the Local Rules of

23 the Maryland District Court before whom you have actions

24 pending?  Have you looked at their low number rule, Local

25 Rules?  Do you know what I mean by low number rule?

14

1      MR. LABGOLD:  No, I don't know the low number

2 rule.

3      THE COURT:  Where is your home -- where is your

4 home base.  You're pro hac vice here.  Where do you

5 practice?

6      MR. LABGOLD:  The District of Columbia and the

7 Northern District of Georgia, State of Georgia.

8      THE COURT:  Well, but you have not heard of the

9 expression low number rule?

10      MR. LABGOLD:  No, I'm not familiar.

11      THE COURT:  Okay.

12      MR. LABGOLD:  I'm familiar with Maryland rules,

13 but I don't know the low number rule.

14      THE COURT:  Well, maybe it goes -- maybe it's --

15 maybe it's a horse with different pajamas.  Let me explain

16 what low number rule is.  In this court, if a suit is filed

17 which involves great similarity to one that's already

18 pending before another judge, same party, same transactions,

19 same subject matter, same issues, that kind of thing, the

20 case would be transferred to the first filed judge, low

21 number meaning the first case filed is the low number.

22      MR. LABGOLD:  Fair enough.

23      THE COURT:  So it would be transferred to the

24 judge with the low number.  And I was wondering, do they

25 have a similar rule like that in Maryland?

15

1           MR. LABGOLD:  They do.  And we were kind of

2  surprised that it didn't automatically happen, because there

3  is actually now a third piece of litigation which relates

4  to --

5           THE COURT:  Well, you said that -- you said that

6  the first thing filed was a motion to dismiss it.  Maybe

7  that beat the system and got on file before -- the low

8  number requires -- the clerk's office has to prepare a form,

9  and each judge has to sign it.  The receiving judge and the

10  sending judge have to sign a paper to approve that

11  procedure.  That may take some days or weeks.  It depends on

12  the court business.

13           Counsel told me that she filed -- they filed --

14  somebody told me they filed immediately to dismiss that

15  case.  So maybe that's going to be disposed of before they

16  transfer it rather than transfer to somebody else, if it's

17  not within the court's jurisdiction, just dismiss it, and

18  you don't have to worry about low-numbering it.

19           MR. LABGOLD:  Yeah.  We've -- procedurally, I

20  mean, different courts, in my experience, have done it

21  differently.  For example, in the court of -- in Delaware,

22  we spend a lot of time -- automatically, when you state a

23  related case, the clerk does the nicety of sending it to

24  that judge, unless that judge has some reason not to accept

25  it.

1   With regard to Maryland, I'm actually -- from past

2 experience, because our office is being juxtaposed to that

3 jurisdiction.  We do a lot of work in that jurisdiction.

4 I'm kind of surprised that it wasn't immediately assigned.

5 But again, there's a third piece of litigation which relates

6 to these facts patterns.  And that was immediately assigned

7 to Judge Chaznow.  So I don't believe --

8   THE COURT:  You mean two of them are in front of

9 the same judge?

10   MR. LABGOLD:  Correct.

11   THE COURT:  I see.

12   MR. LABGOLD:  That's correct.

13   There's also -- if I may, there's an issue which

14 is -- I mean it's a constitutional issue.  It's fundamental

15 to this entire issue.  If the Court were to keep the case

16 and not transfer it --

17   THE COURT:  Meaning this court?

18   MR. LABGOLD:  This court.  Your Honor, this case

19 is subject to a motion to dismiss with prejudice based on a

20 clear line of federal circuit decisions.  And basically what

21 they rely upon is the concept of what's been now referred to

22 as a fatality rule.  If you bring suit --

23   THE COURT:  A fatality rule.

24   MR. LABGOLD:  Yeah.  It's a --

25   THE COURT:  Gracious.

17

1          MR. LABGOLD:  It's a good thing it's not on the

2 criminal side.  What ends up happening is that if you file a

3 suit on a patent for which you do not have standing to bring

4 on day one, the case is dismissable with prejudice.

5          Prior to about three years ago, there was a split

6 in the cases, and it was basically 50-percent or so on the

7 one side saying with prejudice and the other ones without.

8 But based on the constitutional principles that you can't go

9 through and have the nunc pro tunc assignment, there is a

10 public policy concern there too that people would be

11 bringing suits on property that they did not own.

12          Within the past three years, the Federal Circuit

13 has consistently come along the line that these cases,

14 patent cases brought where you don't own the patent when you

15 bring the suit, will be dismissed with regard to that party

16 with prejudice.

17          Now, we raised the standing issue in our opening

18 brief.  In their opposition and in our opening argument,

19 your Honor, we said there is no proof that they actually own

20 this claim because they allege that there's some agreement

21 to this effect and some agreement to that effect.  But it

22 never says that they owned the subject matter of the claim

23 which is presently before your Honor in this court.

24          In their opposition brief, they proved our

25 standing argument by producing a nunc pro tunc assignment of

18

1  the alleged right to bring this claim on behalf of an

2  individual by the name of Wayne Barnes.  And that assignment

3  was dated two weeks after the filing of this suit and back-

4  dated in order to cover.

5        That, under the Federal Circuit precedent, is a

6  fatal mistake, and it results in a dismissal of the claims

7  with regard to this party with prejudice.  So to the extent

8  that the Court does not grant the motion to transfer, we

9  believe that the only other issue to be resolved would be

10 to -- based on the clear teachings of the Federal Circuit,

11 to dismiss the claim with prejudice.

12       THE COURT:  This standing, does that arise out of

13 the request to change the inventorship in this patent?

14       MR. LABGOLD:  Basically what they're saying is

15 that Mr. Barnes was the person who was the inventor who

16 should have owned this, and that my client, Stratagene,

17 allegedly took this and did not give him his due.

18       And under the United States patent law, joint

19 inventors, absent an agreement, have complete and several

20 ownership.  I mean, it's without a right to accounting.  And

21 so therefore, he is saying that, "This was something that

22 should have been my invention, and therefore my name should

23 be put onto the patent."

24       Now, in order to bring that claim, Mr. Barnes

25 needs to have a basis for believing that his rights have

19

1 been impinged.  And surely, Mr. Barnes has a claim that he

2 could at least allege.

3        Takara did not have such a right.  Takara is not

4 an inventor.  Takara Bio didn't allege to invent anything.

5 Instead, they went to Doctor Barnes and effectively said,

6 "We want a quit claim deed.  You basically say whatever

7 right you would have had, you assign to us, and then we'll

8 go and prosecute that claim against Stratagene."

9        The only problem is is that they didn't get that

10 quit claim deed until after they filed suit, and then they

11 back-dated the assignment.  That's Exhibit 18 to their

12 opposition brief.

13        Therefore, when they brought this claim, there was

14 no standing, and it's subject to a dismissal with prejudice.

15        THE COURT:  A patent -- is it not correct that a

16 patent by law must identify the inventor?

17        MR. LABGOLD:  That's correct.

18        THE COURT:  That's what the statute says.

19        MR. LABGOLD:  Correct.

20        THE COURT:  But in practice, what it means is a

21 patent must identify all inventors.

22        MR. LABGOLD:  Correct.

23        THE COURT:  And if it identifies two when there

24 were three, the patent is invalid.

25        MR. LABGOLD:  Only if there was deceptive intent

20

1 in the misjoinder or lack of joinder.

2          THE COURT:  What if there was -- well, in this

3 case, was there a deceptive -- was there an attempt to

4 deceive when the claim identified two, not three inventors?

5          MR. LABGOLD:  They have not alleged any deceptive

6 intent.  I mean, basically --

7          THE COURT:  Are all of the inventors in agreement

8 that there are three inventors?

9          MR. LABGOLD:  No.

10          THE COURT:  They don't agree?

11          MR. LABGOLD:  No.  Stratagene firmly believes that

12 they independently invented this.

13          THE COURT:  They don't admit the other two are

14 inventors.

15          MR. LABGOLD:  Stratagene has two inventors on its

16 patent.

17          THE COURT:  Okay.  They don't admit Doctor Barnes

18 is an inventor.

19          MR. LABGOLD:  Correct.  And their records go back

20 to years, literally years before any alleged contact by

21 Doctor Barnes.

22          THE COURT:  Isn't there a procedure in Federal

23 District Court where inventorship can be litigated?

24          MR. LABGOLD:  Correct.

25          THE COURT:  How does that square with this

1 business of constitutional fatal dismissal if you don't have

2 the inventors identified?

3        MR. LABGOLD:  Because Mr. Barnes is not before

4 you.  This is not Wayne Barnes v. Stratagene.  This is

5 Takara Bio v. Stratagene.  And there are cases that fit into

6 almost every fact pattern.  And I'd be happy to provide you

7 with the citations.

8        THE COURT:  Well, but Takara taking an assignment,

9 they became -- what they wanted to become is an assignee of

10 the patent.

11        MR. LABGOLD:  Nunc pro tunc.  They did it after

12 the fact.  And that's exactly the fact pattern.  And the

13 cases --

14        THE COURT:  Well, but if the -- if the

15 inventors let's say inadvertently left off the third

16 inventor and they filed -- and they assigned -- let's say

17 they -- even before filing the application, they assigned

18 their ownership rights to their invention to let's say

19 Company A, and the patent was applied for, and then there

20 was an infringement suit filed by the assignee against some

21 infringing party, and the infringing party immediately

22 brings a motion for summary judgment on the grounds that the

23 patent is invalid because there is -- the inventor is not

24 identified.

25        MR. LABGOLD:  Exactly, your Honor.  And that's

22

1 where this should have been.  What should have happened is

2 there shouldn't have been a parallel filing in California.

3 They should have -- we had a case that we filed in Maryland.

4 The answer to that should have been one of two things.

5           Move to transfer that to perform non-convenience,

6 or answer and claim that the patent's invalid for

7 intentional misjoinder.  That's not what's happened here.

8 They've basically filed a separate lawsuit in California,

9 and in the opening -- the situation, they don't tell you

10 that it's related to that other case, and they're arguing

11 that there is no relationship to that other case, when, in

12 fact, what you have before you are the compulsory counter-

13 claims to our claim in Maryland.

14           These claims are compulsory counter-claims.  When

15 I file suit against somebody alleging that they've infringed

16 a patent, they have certain claims which they must bring.

17 Standard claims which I'm sure your Honor has had the

18 pleasure of dealing with.  Noninfringement, invalidity on a

19 whole host of statutory and some common law provisions.

20           THE COURT:  See, those two aren't exactly counter-

21 claims.  Those are separate affirmative defenses.

22 Invalidity and noninfringement are not counter-claims.  They

23 can raise those issues with an answer and a separate

24 affirmative defense.

25           Certainly the invalidity may be a separate

23

1  affirmative defense, but noninfringement is a negative

2  defense.  Not even changes the burden of proof.

3          MR. LABGOLD:  It's kind of a misnomer that --

4          THE COURT:  Well, what did you mean by counter-

5  claim?

6          MR. LABGOLD:  Well, as one of the counter-claims

7  which can be brought is that instead of trying to invalidate

8  the patent -- and it's very common in this day and age that

9  people bring declaratory judgment claims so that the

10  defendant can change some control over the ultimate Rule 41

11  dismissability.

12          But one of the counter-claims which can come in

13  is -- and I'm not infringing because I am actually an owner

14  or a licensee.  And so this claim which they have here,

15  they're not seeking to invalidate the patent.  They're

16  basically saying this patent is valid and enforceable, and

17  it's valid and enforceable and valuable enough to me that I

18  want my name on it.

19          THE COURT:  And they're bringing a counter-claim

20  to establish inventorship to correct the inventor --

21  identity of the inventor and preserve the patent.

22          MR. LABGOLD:  Correct.

23          THE COURT:  But this lawsuit presently in this

24  court isn't of an infringement lawsuit.

25          MR. LABGOLD:  Correct.  And their defense --

24

1          THE COURT:  I suppose that's the second shoe that

2  will drop.  If they get the inventorship squared away, then

3  they'll amend and allege on their part noninfringement --

4          MR. LABGOLD:  Exactly.

5          THE COURT:  -- by declaratory relief.

6          MR. LABGOLD:  Exactly.  The two cases are

7  inextricably intertwined.  I mean, they relate to the same

8  patent, they're the same parties, they're the same acts of

9  infringement.  And one is simply an in-process, if you will,

10 defense to the claim of infringement.

11         THE COURT:  Thank you, Mr. Labgold.

12         MR. LABGOLD:  Thank you, your Honor.

13         THE COURT:  Ms. Emrich, you used about three or

14 four minutes.  How about five minute to tell me why Mr.

15 Labgold's position is not correct.

16         MS. EMRICH:  Very quickly, your Honor.  Addressing

17 the question of standing.  Stratagene errs when it contends

18 that standing must be proven in the complaint.  There is no

19 law that says standing must be proven in a complaint.  It

20 must be properly alleged.

21         We've reviewed the reply received in response to

22 our opposition to the present motion, and we firmly believe

23 that we had adequately alleged standing.  As kind of a belt-

24 and-suspenders approach, we filed a first amended complaint.

25 And I believe it is paragraph 14.  And I apologize if I

25

1 don't have that first amended complaint in front of me, but

2 I believe it's paragraph 14 was amended to further

3 strengthen the standing allegations contained in the

4 complaint.

5           THE COURT:  How did you do that?  What did you

6 say?

7           MS. EMRICH:  We alleged more details about the

8 assignments.

9           THE COURT:  Okay.

10          MS. EMRICH:  The other issue that the Court --

11          THE COURT:  The assignment -- the assignment of

12 the right -- the assignment from someone who is not yet

13 identified as an inventor, that's what you got, right?

14          MS. EMRICH:  In 1996 --

15          THE COURT:  That's what you got, right?  You got

16 an assignment from Mr. Wayne?

17          MS. EMRICH:  Correct.  Mr. Barnes.  Correct.

18          THE COURT:  I'm sorry?

19          MS. EMRICH:  Mr. Barnes.  Doctor Barnes.

20          THE COURT:  Excuse me.  Mr. Barnes.  Who is not

21 yet established as an inventor.

22          MS. EMRICH:  Correct.

23          THE COURT:  You got an assignment from him.

24          MS. EMRICH:  Correct.

25          THE COURT:  Okay.  What about the case he says

26

1 that you can't -- you can't sue as a plaintiff as an

2 assignee of someone who is not established as the inventor?

3          MS. EMRICH:  I know of no such case, and I'm not

4 quite certain that was what Mr. Labgold --

5          THE COURT:  Well, he's calling that a fatal

6 motion.

7          MS. EMRICH:  He was saying if the party that

8 brought a complaint did not have standing at the time they

9 brought the complaint.  I don't believe he was bootstrapping

10 that an assignee could never bring.  But he may have been,

11 and I don't mean to put words into his mouth.

12          MR. LABGOLD:  Just to clarify, it's the -- if they

13 had had the assignment from Mr. Barnes, Doctor Barnes,

14 before they filed suit, the constitutional issue would not

15 arise, and it would not be subject to dismissal.

16          THE COURT:  They could go on and clarify and maybe

17 get an order on inventorship.

18          MR. LABGOLD:  Correct.

19          THE COURT:  You say they got the assignment after

20 they filed suit.

21          MR. LABGOLD:  Correct.

22          THE COURT:  And you say there is authority that

23 that's a fatal error?

24          MR. LABGOLD:  Correct.

25          THE COURT:  So my question of you is, have you

27

1  read that authority?  Is he wrong or is he right?

2          MS. EMRICH:  I believe he's wrong on the facts and

3  the law.  The facts are that in 1996, long before this suit

4  was filed, Takara Bio -- the predecessor of Takara Bio

5  received an assignment from Doctor Barnes of his rights to

6  all inventions.  And there is a document that was included

7  in the submission to the Court which was that assignment.

8          Subsequently, the parties executed a confirming

9  agreement, which is the document to which Mr. Labgold refers

10 here.  The confirming agreement was not done as --

11         THE COURT:  I understand.  Talk about the other

12 point that he's got.

13         MS. EMRICH:  Which other point would you like --

14         THE COURT:  Well, the one where he says that

15 actually these issues should be resolved in the underlying

16 action in Maryland, that the inventorship is kind of a

17 collateral issue.  I'm not sure what the Code section --

18 wasn't it something like 256?  There's a Code section with

19 two paragraphs in it, one of which describes the procedure

20 for the PTO, and the other one was the procedure before the

21 district court.

22         MS. EMRICH:  Well, there are two separate -- 256,

23 Section 35 USC 256 is the section under which this

24 particular complaint has been brought.  And that is a

25 section that allows a party who believes that he or she has

28

1 been admitted as an inventor without deceptive intent can

2 bring a lawsuit and ask that the Court instruct the PTO to

3 add them -- issue an order instructing the PTO to add that

4 person as an inventor on the patent.

5        Alternatively, one can say that -- argue as a

6 defense an invalidity under Section 102(f) of Title 35.  And

7 one can say that there was deceptive intent in the failure

8 to name the inventor, and therefore the patent is invalid.

9 There are two separate statutory provisions, two separate

10 burdens of proof and two separate elements -- two separate

11 sets of elements to them.

12        THE COURT:  But they are all collateral and

13 subsidiary to getting to the real reason for being here,

14 which is money, and that is the infringement suit, and

15 that's pending in Maryland.

16        MS. EMRICH:  The infringement suit is, in fact,

17 currently pending in Maryland.  We would disagree that the

18 issue of the inventorship is necessarily completely subsumed

19 and in that.  The problem is --

20        THE COURT:  Well, I'm just saying it's a

21 subsidiary issue, and you have to get -- there's certain

22 hoops you've got to get over before you can get to the

23 real -- the brass ring is an infringement, right?

24        MS. EMRICH:  I don't disagree with that, your

25 Honor.  I think the issue, however, is that the first to

1 file rule will yield on a number of occasions where justice

2 so requires.  And one needs to consider all those factors

3 that go into a consideration of whether a forum is

4 appropriate or whether there was forum shopping.

5          The fact that they have filed suit against a

6 separate and distinct party with no relationship whatsoever

7 to Takara Bio in Maryland doesn't make the suit against

8 Takara Bio any easier for Takara Bio to bear.

9          And I must confess that I'm unaware of the third

10 suit that Mr. Labgold mentioned when he was up there before

11 your Honor.  He mentioned there was a third suit, and I have

12 to admit that I am unfamiliar with what that third suit is.

13          But the fact that there is an existing suit does

14 not make it any easier for Takara Bio, nor does it

15 legitimize that form as a particularly appropriate forum for

16 litigation between Stratagene and Takara Bio.

17          THE COURT:  All right.  Thank you very much.

18          I'm going to dismiss the action without prejudice

19 and permit the -- actually, would you prefer that I transfer

20 the case or dismiss it?  Is there any -- if I transfer it,

21 does it save any fees or anything for you in Maryland?

22          MR. LABGOLD:  I hadn't really thought about it in

23 those terms.  It seems to me that if you transfer, it

24 obviates --

25          THE COURT:  It might save some fees for Takara if

30

1  I transfer it.

2          MR. LABGOLD:  We're fine with that, your Honor.  I

3  think it's logical to do it --

4          THE COURT:  I'm going to transfer the case to the

5  district court.  I need the number of that case.

6          MR. LABGOLD:  If you can bear with me just one

7  moment.

8          MS. EMRICH:  I believe it's WM -- W, as in

9  William, M, as in Mary, N, as in Nancy, 02CV3603.

10          THE COURT:  Very well.

11          MS. EMRICH:  And I don't -- it's in the Baltimore

12  division.  Am I incorrect in that?

13          MR. LABGOLD:  No, no.  It's in Greenbelt.

14          MS. EMRICH:  Okay.

15          THE COURT:  Should the -- the case number alone

16  isn't enough to put it in the right division?

17          MR. LABGOLD:  I would believe the case -- just for

18  clarity, I think the case number gets it there, but I'm not

19  sure.  We're in the Southern Division of the -- of Maryland,

20  and it's the Greenbelt Court.

21          THE COURT:  Maryland only has one district?

22          MR. LABGOLD:  No, we have -- yes, one district.

23          THE COURT:  So the District of Maryland, Southern

24  Division?

25          MR. LABGOLD:  Correct.

31

1        MS. EMRICH:  Your Honor, if it would be -- for

2  ease of the Court's reference, Exhibit 28 to --

3        THE COURT:  I'm sorry?

4        MS. EMRICH:  Exhibit 28 to John Peegrim's

5  (phonetic) declaration is the civil docket for that case --

6        THE COURT:  Okay.

7        MS. EMRICH:  -- which contains all of the case

8  information, and that might be helpful to the court staff.

9        THE COURT:  All right.  It's a very interesting

10  question.  Thank you very much for your presentations, both

11  of you.

12        MR. LABGOLD:  Thank you, your Honor.

13     (Proceedings recessed.)

14

15

16        I certify that the foregoing is a correct

17  transcript from the electronic sound recording of the

18  proceedings in the above-entitled matter.

19  _____          7-16-03
    Transcriber                         Date

20

    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
21
22  L.L. Francisco, President
    Echo Reporting, Inc.
23

24

25

Exhibit 2

FILED

03 JUN 17 PM 3: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____
                              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKARA BIO, INC., | CASE NO. 03CV0742–B (AJB) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [Docket No. 10] |
| vs. | |
| STRATAGENE, | |
| Defendant. | |

On June 16, 2003 this Court held a hearing on Defendant Stratagene's motion to transfer, dismiss or stay this action. Defendant based its motion on the ground that another action involving the same parties and the same patent is already pending in the United States District Court for the District of Maryland (Case No. WMN 02CV3603). After reviewing the parties' briefs and hearing oral argument, the Court hereby transfers this action to the District of Maryland and closes case number 03CV0742–B.

IT IS SO ORDERED.

DATE: 6-17-03

UNITED STATES SENIOR DISTRICT JUDGE

cc: All Parties
    Magistrate Judge



- 1 -

Exhibit 3

## U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:01-cv-03566-DKC

Stratagene v. Invitrogen Corp.
Assigned to: Judge Deborah K. Chasanow
Referred to:
Demand: $55000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 35:271 Patent Infringement

Date Filed: 11/26/01
Jury Demand: None
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Stratagene**                    represented by   **Marc R Labgold**
                                                   Patton Boggs LLP
                                                   8484 Westpark Dr Ninth Fl
                                                   McLean, VA 22102
                                                   17037448095
                                                   Fax : 17037448001
                                                   Email: mlabgold@pattonboggs.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Kevin Monroe Bell**
                                                   Patton Boggs LLP
                                                   8484 Westpark Dr Ninth Fl
                                                   McLean, VA 22102
                                                   17037448000
                                                   Fax : 17037448001
                                                   Email: kbell@pattonboggs.com
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Richard James Oparil**
                                                   Patton Boggs LLP
                                                   2550 M St NW
                                                   Washington, DC 20037-1350
                                                   12024576000
                                                   Fax : 12024576315
                                                   Email: roparil@pattonboggs.com
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Invitrogen Corporation**        represented by   **Michael Jay Strauss**

Fulbright and Jaworski LLP
801 Pennsylvania Ave NW
Washington, DC 20004-2615
12026620200
Fax : 12026624643
Email: mstrauss@fulbright.com
*TERMINATED: 11/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter J Davis**
Morrison and Foerster LLP
1650 Tysons Blvd Ste 300
McLean, VA 22102
17037607700
Fax : 17037607777
Email: pdavis@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C Kevin Speirs**
Parsons Behle and Latimer
201 S Main St Ste 1800
PO Box 45898
Salt Lake City, UT 84145
18015321234
Fax : 18015366111
Email: kspeirs@pblutah.com
*TERMINATED: 10/07/2002*
*ATTORNEY TO BE NOTICED*

**David M Bennion**
Parsons Behle and Latimer
201 S Main St Ste 1800
PO Box 45898
Salt Lake City, UT 84145
18015366709
Fax : 18015366111
Email: dbennion@pblutah.com
*TERMINATED: 10/07/2002*
*ATTORNEY TO BE NOTICED*

**David C Doyle**
Morrison and Foerster LLP
3811 Valley Centre Dr Ste 500
San Diego, CA 92130
18587205144
Fax : 18587205125
Email: DDoyle@mofo.com
*ATTORNEY TO BE NOTICED*

**Francis M Wikstrom**

Parsons Behle and Latimer
201 S Main St Ste 1800
PO Box 45898
Salt Lake City, UT 84145
18015321234
Fax : 18015366111
Email: fwikstrom@pblutah.com
*TERMINATED: 10/07/2002*
*ATTORNEY TO BE NOTICED*

**Michael W Vella**
Morrison and Foerster LLP
3811 Valley Centre Dr Ste 500
San Diego, CA 92130
18587205144
Fax : 18587205125
Email: MVella@mofo.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**
-----------------------

**Invitrogen Corporation**               represented by   **Mark Andrew Woodmansee**
Morrison and Foerster LLP
3811 Valley Centre Dr Ste 500
San Diego, CA 92130
18587205167
Fax : 18587205125
Email: mawoodmansee@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Jay Strauss**
(See above for address)
*TERMINATED: 11/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David C Doyle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Vella**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**
-----------------------

**Stratagene**                              represented by  **Marc R Labgold**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kevin Monroe Bell**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Richard James Oparil**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/26/2001 | 1 | COMPLAINT and Exhibit A filed; FILING FEE $ 150.00 RECEIPT # 2284983 (krc, Deputy Clerk) (Entered: 11/26/2001) |
| 11/26/2001 | 2 | SUMMONS(ES) (20 days) issued for Invitrogen Corp. (krc, Deputy Clerk) (Entered: 11/26/2001) |
| 11/26/2001 | 3 | CORRESPONDENCE mailed to the Commissioner of Patents and Trademarks (krc, Deputy Clerk) (Entered: 11/26/2001) |
| 12/11/2001 | 4 | Local Rule 103.3 -- Certification by Stratagene (c/s) (ajh, Deputy Clerk) (Entered: 12/11/2001) |
| 12/12/2001 | 5 | MOTION by Stratagene for Marc R. Labgold to Appear Pro Hac Vice (ajh, Deputy Clerk) (Entered: 12/13/2001) |
| 12/12/2001 | 5 | ORDER "GRANTING" [5-1] motion for Marc R. Labgold to Appear Pro Hac Vice ( signed by Judge Deborah K. Chasanow 12/11/01 ) (c/i 12/13/01) (ajh, Deputy Clerk) (Entered: 12/13/2001) |
| 12/14/2001 | 6 | NOTICE of attorney appearance for Invitrogen Corp by Michael Jay Strauss (c/s) (rank, Deputy Clerk) (Entered: 12/17/2001) |
| 12/14/2001 | 7 | UNOPPOSED MOTION by Invitrogen Corp to Extend Time to file its answer or otherwise respond to Stratagen's Compalint to and including 1/7/02 (c/s) (rank, Deputy Clerk) (Entered: 12/17/2001) |
| 12/26/2001 | 8 | ORDER granting [7-1] motion to Extend Time to file its answer or otherwise respond to Stratagen's Compalint to and including 1/7/02 ( signed by Judge Deborah K. Chasanow 12/20/01) (c/i 12/26/01) (lad, Deputy Clerk) (Entered: 12/26/2001) |
| 01/07/2002 | 9 | UNOPPOSED MOTION by defendant, Invitrogen Corp for |

| | | |
|---|---|---|
| | | Extension of Time to file its Answer or otherwise Respond to Complaint to and including 1/11/02 (c/s) (ajh, Deputy Clerk) Modified on 01/07/2002 (Entered: 01/07/2002) |
| 01/08/2002 | 10 | ORDER granting [9-1] motion for Extension of Time to file its Answer or otherwise Respond to Complaint to and including 1/11/02 ( signed by Judge Deborah K. Chasanow ) dated 1/8/02 (c/i 1/9/02 ) (rank, Deputy Clerk) Modified on 01/09/2002 (Entered: 01/09/2002) |
| 01/11/2002 | 11 | ANSWER to Complaint and COUNTERCLAIM by Invitrogen Corp. against Stratagene (c/s) (ajh, Deputy Clerk) (Entered: 01/14/2002) |
| 01/11/2002 | 12 | MOTION with memorandum in support by defendant, Invitrogen Corp. to Dismiss Complaint and Exhibits A-F (c/s) (SEAL) (ajh, Deputy Clerk) Modified on 01/14/2002 (Entered: 01/14/2002) |
| 01/11/2002 | 13 | MOTION by defendant, Invitrogen Corp. to Seal its Motion to Dismiss plaintiff's Complaint and memorandum in support for Failure to Prosecute and Exhibits A-F (c/s) (ajh, Deputy Clerk) (Entered: 01/14/2002) |
| 01/17/2002 | 14 | MOTION by Invitrogen Corp. for David M Bennion to Appear Pro Hac Vice (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/17/2002 | 14 | ORDER "GRANTING" [14-1] motion for David M Bennion to Appear Pro Hac Vice ( signed by Judge Deborah K. Chasanow 1/16/02 ) (c/i 1/17/02) (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/17/2002 | 15 | MOTION by Invitrogen Corp for Francis M Wikstrom to Appear Pro Hac Vice (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/17/2002 | 15 | ORDER "GRANTING" [15-1] motion for Francis M Wikstrom to Appear Pro Hac Vice ( signed by Judge Deborah K. Chasanow 1/16/02 ) (c/m) (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/17/2002 | 16 | MOTION by Invitrogen Corp for C Kevin Speirs to Appear Pro Hac Vice (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/17/2002 | 16 | ORDER "GRANTING" [16-1] motion for C Kevin Speirs to Appear Pro Hac Vice ( signed by Judge Deborah K. Chasanow 1/16/02 ) (c/i 1/17/02) (ajh, Deputy Clerk) (Entered: 01/17/2002) |
| 01/25/2002 | 17 | RESPONSE by Stratagene in opposition to [12-1] motion to Dismiss Complaint by Invitrogen Corp and Exhibits A-F (c/s) (ajh, Deputy Clerk) (Entered: 01/28/2002) |
| 01/31/2002 | 18 | ANSWER by Stratagene to [11-2] counter claim by Invitrogen Corp. |

| | | (c/s) (ajh, Deputy Clerk) (Entered: 02/01/2002) |
|---|---|---|
| 02/07/2002 | 19 | REPLY by defendant Invitrogen Corp. in support of its [12-1] motion to Dismiss Complaint and Exhibits G-H (c/s) (ajh, Deputy Clerk) (Entered: 02/11/2002) |
| 02/15/2002 | 20 | MOTION by plaintiff for Leave to File Surreply in Opposition to defendant's Motion to Dismiss Complaint and attachment (Proposed Surreply) (c/s) (ajh, Deputy Clerk) (Entered: 02/19/2002) |
| 02/19/2002 | 21 | RESPONSE by defendant Invitrogen Corp. in opposition to [20-1] motion for Leave to File Surreply in Opposition to defendant's Motion to Dismiss Complaint by Stratagene (c/s) (ajh, Deputy Clerk) (Entered: 02/20/2002) |
| 03/21/2002 | 22 | MEMORANDUM OPINION ( signed by Judge Deborah K. Chasanow 3/21/02 ) (c/i 3/22/02) (ajh, Deputy Clerk) (Entered: 03/22/2002) |
| 03/21/2002 | 23 | ORDER "GRANTING" defendant's [13-1] motion to Seal its Motion to Dismiss plaintiff's Complaint and memorandum in support for Failure to Prosecute and Exhibits A-F; "GRANTING" plaintiff's [20-1] motion for Leave to File Surreply in Opposition to defendant's Motion to Dismiss Complaint and "DENYING" defendant's [12-1] motion to Dismiss Complaint ( signed by Judge Deborah K. Chasanow 3/21/02 ) (c/i 3/22/02) (ajh, Deputy Clerk) (Entered: 03/22/2002) |
| 03/21/2002 | 24 | SURREPLY by Stratagene in support of its Opposition to [12-1] motion to Dismiss Complaint by Invitrogen Corp. (c/s) (ajh, Deputy Clerk) (Entered: 03/27/2002) |
| 03/21/2002 | 25 | SCHEDULING ORDER ( signed by Judge Deborah K. Chasanow 3/21/02 ) (c/i 3/22/02) (ajh, Deputy Clerk) (Entered: 03/27/2002) |
| 04/02/2002 | 26 | Joint RESPONSE by Stratagene, Invitrogen Corp to [25-1] Scheduling order (c/s) (mib, Deputy Clerk) (Entered: 04/02/2002) |
| 04/04/2002 | 27 | Stipulation PROTECTIVE ORDER Regarding Confidentiality (signed by Judge Deborah K. Chasanow 4/5/02 ) (c/i 4/8/02 ib) (mib, Deputy Clerk) (Entered: 04/08/2002) |
| 05/20/2002 | 28 | MOTION by Stratagene for Laura A Donnelly to Appear Pro Hac Vice (mib, Deputy Clerk) (Entered: 05/22/2002) |
| 05/21/2002 | 28 | ORDER granting [28-1] motion for Laura A Donnelly to Appear Pro Hac Vice ( signed by Judge Deborah K. Chasanow ) (c/i 5/22/02) |

|            |    |                                                                                                                                                                                                                                                                                                             |
|------------|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | (mib, Deputy Clerk) (Entered: 05/22/2002)                                                                                                                                                                                                                                                                    |
| 06/17/2002 | 29 | MOTION by Stratagene for Emergency Stay of Proceedings (c/s) (mib, Deputy Clerk) (Entered: 06/17/2002)                                                                                                                                                                                                        |
| 06/17/2002 | 30 | MOTION with memorandum in support by Stratagene to Disqualify Invitrogen Corporations Attorney, Vanessa B. Pierce, and the Law Firm of Parsons Behle & Latimer with Declaration of Ronni Sherman and Exhibits 1 thru 3 (FILED UNDER SEAL) (mib, Deputy Clerk) Modified on 06/17/2002 (Entered: 06/17/2002)     |
| 06/17/2002 | 31 | MOTION by Stratagene to File Under Seal Memorandum in Support of Stratagenes motion to Disqualify Invitrogen Alttorney and Exhibits 1 thru 3 (c/s) (mib, Deputy Clerk) (Entered: 06/17/2002)                                                                                                                   |
| 06/18/2002 | 32 | ORDER "GRANTING" [29-1] motion for Emergency Stay of Proceedings ( signed by Judge Deborah K. Chasanow ) (c/i 6/18/02 ib) (mib, Deputy Clerk) (Entered: 06/18/2002)                                                                                                                                          |
| 06/21/2002 | 33 | MOTION with memorandum in support by Invitrogen Corp for Access to Documents filed In Camera by Plaintiff , and for Leave for Additional Time to Respond to Plaintiffs Motion to Disqualify (c/s) (mib, Deputy Clerk) (Entered: 06/24/2002)                                                                     |
| 06/25/2002 | 34 | MOTION by Stratagene for Leave to File under Seal Stratagene's Opposition to Invitrogen's Motion for Access to Documents Filed In Camera by Plaintiff and for Leave for an Extgension of Time to Respond to Plaintiff's Motion to Disqualfy (Stratagene's Opposition Attached) (Opposition Filed Under Seal) (c/s) (mib, Deputy Clerk) (Entered: 06/26/2002) |
| 06/28/2002 | 35 | ORDER "GRANTING" [34-1] motion for Leave to File under Seal Stratagene's Opposition to Invitrogen's Motion for Access to Documents Filed In Camera by Plaintiff and for Leave for an Extension of Time to Respond to Plaintiff's Motion to Disqualify ( signed by Judge Peter J. Messitte ) (c/i 6/28/02) (mib, Deputy Clerk) (Entered: 06/28/2002) |
| 06/28/2002 | 36 | RESPONSE by Stratagene in opposition to [34-1] motion for Leave to File under Seal Stratagene's Opposition to Invitrogen's Motion for Access to Documents Filed In Camera by Plaintiff and for Leave for an Extension of Time to Respond to Plaintiff's Motion to Disqualify by Stratagene, [33-2] motion for Leave for Additional Time to Respond to Plaintiffs Motion to Disqualify by Invitrogen Corp (FILED UNDER SEAL) (mib, Deputy Clerk) (Entered: 06/28/2002) |
| 07/01/2002 | 37 | REPLY by Invitrogen Corp to response to [33-1] motion for Access                                                                                                                                                                                                                                             |

| | | to Documents filed In Camera by Plaintiff by Invitrogen Corp (c/s) (mib, Deputy Clerk) (Entered: 07/01/2002) |
|---|---|---|
| 07/02/2002 | 38 | ORDER "DENYING" Without Prejudice [33-1] motion for Access to Documents filed In Camera by Plaintiff and "DIRECTING" Invitrogen's response to Motion to Disqualify if due 7/10/02 ( signed by Judge Deborah K. Chasanow ) (c/m 7/2/02) (c/i 7/2/02) (mib, Deputy Clerk) (Entered: 07/02/2002) |
| 07/02/2002 | 39 | MOTION by Stratagene for Leave to File Surreply in Opposition to Invitrogen's Motion for Access to Documents Filed In Camera and For Leave for Additional Time to Respond to Plaintiff's Motion to Disqualify (c/s) (mib, Deputy Clerk) (Entered: 07/03/2002) |
| 07/08/2002 | 40 | Marginal ORDER "DENYING" as Moot [39-1] motion for Leave to File Surreply in Opposition to Invitrogen's Motion for Access to Documents Filed In Camera and For Leave for Additional Time to to Plaintiff's Motion to Disqualify (signed by Judge Deborah K. Chasanow ) (c/i 7/8/02) (mib, Deputy Clerk) Modified on 07/08/2002 (Entered: 07/08/2002) |
| 07/10/2002 | 41 | MOTION by Invitrogen Corp for Oral Argument on Plaintiffs Motion to Disqualify (c/s) (mib, Deputy Clerk) (Entered: 07/11/2002) |
| 07/10/2002 | 42 | MOTION by Invitrogen Corp to File Under Seal Defendants Memorandum in Opposition to Plaintiffs Motion to Disqualify (c/s) (mib, Deputy Clerk) (Entered: 07/11/2002) |
| 07/10/2002 | 43 | Memorandum by Invitrogen Corp in opposition to [30-1] motion to Disqualify Invitrogen Corporations Attorney, Vanessa B. Pierce, and the Law Firm of Parsons Behle & Latimer by Stratagene and Exhibits 1 thru 19 (c/s) (FILED UNDER SEAL) (mib, Deputy Clerk) (Entered: 07/11/2002) |
| 07/12/2002 | 44 | MOTION by Invitrogen Corp for Leave to File Original Declarations and Attachment (5 Declarations Attached) (c/s) (mib, Deputy Clerk) (Entered: 07/12/2002) |
| 07/22/2002 | 45 | MOTION by Stratagene to File Under Seal Stratagene's Reply Memorandum in Further Support of Stratagene's Motion to Disqualify Invitrogen Corporation's Attorney, Vanessa B. Pierce, and the Law Firm of Parsons Behle & Latimer (c/s) (mib, Deputy Clerk) (Entered: 07/23/2002) |
| 07/22/2002 | 46 | REPLY Memorandum by Stratagene to response to [30-1] motion to Disqualify Invitrogen Corporations Attorney, Vanessa B. Pierce, and the Law Firm of Parsons Behle & Latimer by Stratagene (c/s) (FILED |

| | | |
|---|---|---|
| | | UNDER SEAL) (mib, Deputy Clerk) (Entered: 07/23/2002) |
| 08/26/2002 | 47 | MOTION by Stratagene for Leave to File Original Declaration of M. Paul Barker and Attachment (c/s) (mib, Deputy Clerk) (Entered: 08/26/2002) |
| 10/07/2002 | 48 | MEMORANDUM OPINION ( signed by Judge Deborah K. Chasanow ) (c/i 10/8/02) (mib, Deputy Clerk) (Entered: 10/08/2002) |
| 10/07/2002 | 49 | ORDER "GRANTING" [44-1] motion for Leave to File Original Declarations, "GRANTING" [47-1] motion for Leave to File Original Declaration of M. Paul Barker, "GRANTING" [30-1] motion to Disqualify Invitrogen Corporations Attorney, Vanessa B. Pierce, and the Law Firm of Parsons Behle & Latimer from representing Invitrogen and "DIRECTING" Invitrogen shall have 30 days from the date of this order to obtain new counsel and file notice of appearance with this Court ( signed by Judge Deborah K. Chasanow ) (c/i 10/8/02) (mib, Deputy Clerk) (Entered: 10/08/2002) |
| 10/07/2002 | 50 | Declarations of Vanessa Pierce, Francis Wikstrom, Kevin Speirs, David Bennion and Kent Roche in support of opposition response by Invitrogen Corp (mib, Deputy Clerk) (Entered: 10/08/2002) |
| 10/07/2002 | 51 | Declaration of Paul Barker in support of [46-1] response to reply to motion to disqualify by Stratagene (mib, Deputy Clerk) (Entered: 10/08/2002) |
| 11/06/2002 | 52 | NOTICE of attorney appearance for Invitrogen Corp, Invitrogen Corp by Peter J Davis (mib, Deputy Clerk) (Entered: 11/06/2002) |
| 11/18/2002 | 53 | MOTION by Invitrogen Corp, Invitrogen Corp for Francis Wikstrom, C. Kevin Speirs, and David Bennion to Withdraw as Attorney (c/s) (mib, Deputy Clerk) (Entered: 11/18/2002) |
| 11/18/2002 | 54 | MOTION by Invitrogen Corp, Invitrogen Corp for Michael J. Strauss to Withdraw as Attorney (c/s) (mib, Deputy Clerk) (Entered: 11/18/2002) |
| 11/19/2002 | 55 | ORDER "SCHEDULING" telephone scheduling conference ( signed by Judge Deborah K. Chasanow ) (c/m 11/19/02 mlm) (c/i 11/20/02) (mib, Deputy Clerk) (Entered: 11/20/2002) |
| 11/19/2002 | 56 | ORDER "GRANTING" [54-1] motion for Michael J. Strauss to Withdraw as Attorney (Terminated attorney Michael Jay Strauss for Invitrogen Corp) ( signed by Judge Deborah K. Chasanow ) (c/i 11/20/02) (mib, Deputy Clerk) (Entered: 11/20/2002) |
| | | |

| 11/25/2002 | 57 | MOTION by Invitrogen Corp, Invitrogen Corp for David C Doyle to Appear Pro Hac Vice (mib, Deputy Clerk) (Entered: 11/25/2002) |
|---|---|---|
| 11/25/2002 | 57 | ORDER granting [57-1] motion for David C Doyle to Appear Pro Hac Vice (signed by Clerk) (c/i 11/25/02) (mib, Deputy Clerk) (Entered: 11/25/2002) |
| 11/25/2002 | 58 | MOTION by Invitrogen Corp for Michael W Vella to Appear Pro Hac Vice (mib, Deputy Clerk) (Entered: 11/25/2002) |
| 11/25/2002 | 58 | ORDER "GRANTING" [58-1] motion for Michael W Vella to Appear Pro Hac Vice (signed by Clerk) (c/i 11/25/02) (mib, Deputy Clerk) (Entered: 11/25/2002) |
| 11/26/2002 | 59 | STIPULATION AND ORDER "APPROVING" Substitution of Morrison & Foerster as Outside Counsel for Defendant in the Stipulation and Protective Order Regarding Confidentiality ( signed by Judge Deborah K. Chasanow ) (c/i 11/27/02) (mib, Deputy Clerk) (Entered: 11/27/2002) |
| 12/09/2002 | | Tele-conference held before Chasanow, J. (td, Deputy Clerk) (Entered: 12/09/2002) |
| 12/09/2002 | 60 | ORDER "CONFIRMING" matters discussed and schedule set during Telephone Conference ( signed by Judge Deborah K. Chasanow ) (c/m 12/9/02 mlm) (c/i 12/10/02) (mib, Deputy Clerk) (Entered: 12/10/2002) |
| 01/03/2003 | | Tele-conference held before Chasanow, J. (td, Deputy Clerk) (Entered: 01/03/2003) |
| 01/10/2003 | 61 | MOTION with memorandum in support by Stratagene for Partial Summary Judgment (c/s) (MEMORANDUM IN SUPPORT FILED UNDER SEAL) (mib, Deputy Clerk) (Entered: 01/10/2003) |
| 01/10/2003 | 62 | MOTION by Stratagene to Seal Memorandum in Support of Motion for Partial Summary Judgment (c/s) (mib, Deputy Clerk) (Entered: 01/10/2003) |
| 01/17/2003 | 63 | MOTION by Invitrogen Corp to Extend Time to File Opposition to Stratagene's Motion for Partial Summary Judgment of Infringement (c/s) (mib, Deputy Clerk) (Entered: 01/21/2003) |
| 01/21/2003 | 64 | ORDER "GRANTING" [63-1] motion to Extend Time to File Opposition to Stratagene's Motion for Partial Summary Judgment of Infringement to 1/31/03 ( signed by Judge Deborah K. Chasanow ) (c/i 1/22/03) (mib, Deputy Clerk) (Entered: 01/22/2003) |

| 01/28/2003 | 65 | Joint STIPULATION AND ORDER "CONTINUING" case until 3/3/03 as more specifically therein set forth ( signed by Judge Deborah K. Chasanow ) (c/i 1/29/03) (mib, Deputy Clerk) (Entered: 01/29/2003) |
|---|---|---|
| 03/09/2003 | 66 | Joint MOTION to Stay re [65] Order by Invitrogen Corporation. Responses due by 3/26/2003 (Davis, Peter) (Entered: 03/09/2003) |
| 03/10/2003 | 67 | Paperless ORDER granting 66 Motion to Stay. Signed by Judge Deborah K. Chasanow on 3/10/03. (Chasanow, Deborah) (Entered: 03/10/2003) |
| 03/28/2003 | 68 | MOTION to Seal *Opposition to PSJ, declarations and exhibit* by Invitrogen Corporation. Responses due by 4/14/2003 (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 69 | NOTICE by Invitrogen Corporation *of Filing Under Seal Invitrogen Corporation's Opposition To Stratagene's Motion For Partial Summary Judgment Of Infringement* (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 70 | NOTICE by Invitrogen Corporation *of APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S OPPOSITION TO STRATAGENE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT* (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 71 | NOTICE by Invitrogen Corporation *of APPENDIX OF CASES TO INVITROGEN CORPORATION'S OPPOSITION TO STRATAGENE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT* (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 72 | NOTICE by Invitrogen Corporation *of filing under seal of Declaration Of John Hughes In Support Of Invitrogen Corporation's Opposition To Stratagene's Motion For Partial Summary Judgment Of Infringement* (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 73 | NOTICE by Invitrogen Corporation *of DECLARATION OF MICHAEL W. VELLA IN SUPPORT OF INVITROGEN CORPORATION'S OPPOSITION TO STRATAGENE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT* (Vella, Michael) (Entered: 03/28/2003) |
| 03/28/2003 | 74 | NOTICE by Invitrogen Corporation *of APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S OPPOSITION TO STRATAGENE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT* (Attachments: # 1 # 2 # 3 # 4 # 5 # 6)(Vella, Michael) (Entered: 03/28/2003) |

| 03/28/2003 | 75 | NOTICE by Invitrogen Corporation *of OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT* (Vella, Michael) (Entered: 03/28/2003) |
| --- | --- | --- |
| 03/28/2003 | 76 | NOTICE by Invitrogen Corporation *of filing under seal of Declaration Of Dr. Dale W. Mosbaugh In Support Of Invitrogen Corporation's Opposition To Stratagene's Motion For Partial Summary Judgment Of Infringement* (Vella, Michael) (Entered: 03/28/2003) |
| 04/01/2003 | 77 | Correspondence re: Notice of reinitiation of litigation (Bell, Kevin) (Entered: 04/01/2003) |
| 04/11/2003 | 78 | Consent MOTION for Extension of Time to File Response/Reply as to [61] Motion for Summary Judgment by Stratagene. Responses due by 4/28/2003 (Bell, Kevin) (Entered: 04/11/2003) |
| 04/11/2003 | 79 | STIPULATION *Joint Stipulation and Order to Amend The Schedule* by Stratagene. (Bell, Kevin) (Entered: 04/11/2003) |
| 04/11/2003 | 80 | Paperless ORDER granting 78 Motion for Extension of Time to File Reply re [61] Motion for Summary Judgment. Reply due by 4/18/2003. APPROVING 79Joint Stipulation and Order to Amend the Schedule. Signed by Judge Deborah K. Chasanow on 4/11/03. (Chasanow, Deborah) (Entered: 04/11/2003) |
| 04/11/2003 | | Set/Reset Deadlines: Motions due by 7/28/2003. Status Report due by 6/30/2003. (Chasanow, Deborah) (Entered: 04/11/2003) |
| 04/18/2003 | 81 | MOTION to Seal *Stratagene's Reply Brief in Support of Its Motion for Partial Summary Judgment of Infringement and Exhibits* by Stratagene. Responses due by 5/5/2003 (Attachments: # 1 Proposed Order re: Stratagene's Motion to File Under Seal Stratagene's Reply Brief in support of its Motion for Partial Summary Judgment of Infringement and Exhibits)(Bell, Kevin) (Entered: 04/18/2003) |
| 04/18/2003 | 82 | NOTICE by Stratagene re [61] Motion for Summary Judgment *Reply Brief being Filed Under Seal* (Attachments: # 1 Notice of Filing Under Seal Exhibits to Stratagene's Reply Brief in Support of Its Motion for Partial Summary Judgment of Infringement)(Bell, Kevin) (Entered: 04/18/2003) |
| 04/18/2003 | 83 | MOTION for Scott A. M. Chambers to Appear Pro Hac Vice by Stratagene. (mibs, Deputy Clerk) (Entered: 04/22/2003) |
| 04/22/2003 | 84 | ORDER granting [83] Motion for Scott A. M. Chambers to Appear |

| | | Pro Hac Vice. Signed by Clerk on 4/18/03. (mibs, Deputy Clerk) (Entered: 04/22/2003) |
|---|---|---|
| 04/30/2003 | 85 | NOTICE by Invitrogen Corporation *of Objection* (Vella, Michael) (Entered: 04/30/2003) |
| 04/30/2003 | 86 | NOTICE by Invitrogen Corporation *of Appendix to Invitrogen Corporation's Objection* (Vella, Michael) (Entered: 04/30/2003) |
| 04/30/2003 | 87 | NOTICE by Invitrogen Corporation *of Related Case Pertaining To Pending Motion For Partial Summary Judgment* (Attachments: # 1 Exhibit)(Vella, Michael) (Entered: 04/30/2003) |
| 05/02/2003 | 88 | RESPONSE re 87 Notice (Other) *to Defendant's Notice of Related Case filed April 30, 2003* filed by Stratagene. (Attachments: # 1 Exhibit A)(Bell, Kevin) (Entered: 05/02/2003) |
| 05/06/2003 | 89 | Reply to Response to Notice of Related Case Filed 04/30/03 (Vella, Michael) Modified on 5/7/2003 (mib, Deputy Clerk). (Entered: 05/06/2003) |
| 05/15/2003 | 90 | MOTION to Withdraw as Attorney *Laura A. Donnelly* by Stratagene. Responses due by 6/2/2003 (Bell, Kevin) (Entered: 05/15/2003) |
| 05/15/2003 | 91 | Paperless ORDER granting 90 Motion to Withdraw as Attorney. Attorney Laura A Donnelly terminated. Signed by Judge Deborah K. Chasanow on 5/15/03. (Chasanow, Deborah) (Entered: 05/15/2003) |
| 05/20/2003 | 92 | MOTION for Mark A. Woodmansee to Appear Pro Hac Vice by Invitrogen Corporation. (mib, Deputy Clerk) (Entered: 05/20/2003) |
| 05/20/2003 | 93 | ORDER granting [92] Motion for Mark A. Woodmansee to Appear Pro Hac Vice. Signed by Clerk on 3/20/03. (mib, Deputy Clerk) Modified on 5/20/2003 (mib, Deputy Clerk). (Entered: 05/20/2003) |
| 05/22/2003 | 94 | MOTION to Stay *PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* by Invitrogen Corporation. Responses due by 6/9/2003 (Attachments: # 1 Text of Proposed Order Granting Motion to Stay)(Vella, Michael) (Entered: 05/22/2003) |
| 05/22/2003 | 95 | MOTION to Seal *MEMORANDUM IN SUPPORT OF INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION; EXHIBITS 2, 6, 7, 8, & 9 ATTACHED TO THE APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* by Invitrogen Corporation. Responses due by 6/9/2003 (Vella, |

| | | Michael) (Entered: 05/22/2003) |
|---|---|---|
| 05/22/2003 | 96 | NOTICE by Invitrogen Corporation *of Filing of Document Under Seal* (Attachments: # 1 REDACTED MEMORANDUM IN SUPPORT OF INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION)(Vella, Michael) (Entered: 05/22/2003) |
| 05/22/2003 | 97 | NOTICE by Invitrogen Corporation *of DECLARATION OF MICHAEL W. VELLA IN SUPPORT OF INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* (Vella, Michael) (Entered: 05/22/2003) |
| 05/22/2003 | 98 | NOTICE by Invitrogen Corporation *of APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* (Attachments: # 1 Exhibit Exhibit 1 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 2 Exhibit Notice of Filing of Sealed Document: Exhibit 2 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 3 Exhibit Exhibit 3 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 4 Exhibit Exhibit 4 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 5 Exhibit Exhibit 5 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 6 Exhibit Notice of Filing Document Under Seal: Exhibit 6 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 7 Exhibit Notice of Filing Document Under Seal: Exhibit 7 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 8 Exhibit Notice of Filing Document Under Seal: Exhibit 8 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 9 Exhibit Notice of Filing Document Under Seal: Exhibit 9 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 10 Exhibit Exhibit 10 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION |

| | | |
|---|---|---|
| | | OF RELATED CASE AND PTO REEXAMINATION# 11 Exhibit Exhibit 11 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION# 12 Exhibit Exhibit 12 to APPENDIX OF EXHIBITS TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION)(Vella, Michael) (Entered: 05/22/2003) |
| 05/22/2003 | 99 | NOTICE by Invitrogen Corporation *APPENDIX OF UNREPORTED CASES TO INVITROGEN CORPORATION'S MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* (Vella, Michael) (Entered: 05/22/2003) |
| 05/23/2003 | 100 | EXHIBITS 2,6,7,8,9 to Motion for Stay Pending Resolution of Related Case and PTO Reexamination by Invitrogen Corporation (Filed Under Seal)(ajh, Deputy Clerk) (Entered: 05/29/2003) |
| 06/03/2003 | 101 | NOTICE by Invitrogen Corporation *OF DECISION OF PATENT AND TRADEMARK OFFICE GRANTING REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,556,772* (Attachments: # 1 DECISION OF PATENT AND TRADEMARK OFFICE GRANTING REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,556,772)(Vella, Michael) (Entered: 06/03/2003) |
| 06/06/2003 | 102 | NOTICE by Invitrogen Corporation *OF ERRATA REGARDING MEMORANDUM IN SUPPORT OF MOTION FOR STAY PENDING RESOLUTION OF RELATED CASE AND PTO REEXAMINATION* (Vella, Michael) (Entered: 06/06/2003) |
| 06/10/2003 | 103 | STIPULATION by Invitrogen Corporation, Stratagene. (Vella, Michael) (Entered: 06/10/2003) |
| 06/12/2003 | 104 | STIPULATION by Invitrogen Corporation, Stratagene. (Vella, Michael) (Entered: 06/12/2003) |
| 06/16/2003 | 105 | JOINT STIPULATION AND ORDER "STAYING" this case until 09/03/2003 in order to allow the parties to attempt to reach a final settlement of this action and the Texas Action; "STATING" that if a final settlement is not reached by 09/03/2003, the parties will advise the Court of the reinitiation of the litigation and that upon reinitiation, the parties have agreed that the dates of the 04/11/2003 Amended Scheduling Order shall be adjusted as therein set forth; Signed by Judge Deborah K. Chasanow on 06/16/2003 (td, Deputy Clerk) (Entered: 06/16/2003) |
| 06/16/2003 | 106 | JOINT STIPULATION AND ORDER "WITHDRAWING" |

Stratagene's Motion for Partial Summary Judgment of Infringement;
"WITHDRAWING" Invitrogen's Motion for Stay Pending Resolution
of Related Case and PTO Reexamination; "STATING" that both
Motions may be re-noticed without prejudice on or after 09/04/2003,
when the requested stay is lifted; and "SETTING" the response and
reply deadlines as to Invitrogen's Motion for Stay Pending Resolution
of Related Case and PTO Reexamination as therein set forth; Signed
by Judge Deborah K. Chasanow on 06/16/2003 (td, Deputy Clerk)
(Entered: 06/16/2003)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/26/2003 09:22:42 | | | |
| PACER Login: | pb0704 | Client Code: | 020193.0104 |
| Description: | Docket Report | Case Number: | 8:01-cv-03566-DKC |
| Billable Pages: | 8 | Cost: | 0.56 |