```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

STRATAGENE                          :
                                    :
v.                                  :   Civil Action No. WMN-02-3603
                                    :
TAKARA HOLDINGS, INC., et al.       :


* * * * * * * * * * * * * * * * * * * * * * * * * * * *
TAKARA BIO, INC.                    :
                                    :
v.                                  :   Civil Action No. WMN-03-1871
                                    :
STRATAGENE, et al.                  :
```

## **MEMORANDUM**

Before the Court is a motion to consolidate the above captioned actions, as well as a motion to transfer them, once consolidated, to Judge Deborah Chasanow of the Greenbelt Division of this Court. The undersigned concludes that both motions should be granted, for the reasons that follow.

Strategene v. Takara Bio, Inc., Civil Action No. WMN-02-3603, was filed in this Court on November 4, 2002. In the complaint in that action, Strategene alleges that Takara Holdings, Inc. and Takara Bio, Inc., two Japanese corporations, infringed upon its Patent No. 5,556,772 (the '772 patent), a patent related to methods involving mixtures of DNA polymerases for use in Polymerase Chain Reaction and kits including those DNA polymerases. On April 14, 2003, the

Takara defendants filed a motion to quash service of process, to dismiss for inadequate service of process, and to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the action to the United States District Court for the District of California.  On that same date, Takara Bio filed an action against Strategene in the United States District Court for the Southern District of California for correction of the inventorship of the '772 patent, and for declaratory judgment of co-ownership of the '772 patent. Strategene promptly moved to transfer that action to this Court pursuant to the "first-to-file" rule, and on June 17, 2003, the California court granted that motion, while the motion in Civil Action No. WMN-02-3603 was still pending.  The case transferred from California was assigned to the undersigned as a related action and captioned as Civil Action No. WMN-03-1871.

On August 15, 2003, this Court denied the Takara defendant's motion in Civil Action No. WMN-02-3603, finding that service of process was sufficient, and that the Takara defendants had sufficient contacts with Maryland, including a sale of the allegedly infringing product to a customer in Maryland, to support personal jurisdiction in this forum.  The Court denied the motion to transfer, noting that the

California court had granted Strategene's motion to transfer the action pending there to this Court.

Strategene has now filed a motion to consolidate these two cases. Paper No. 37 in Civil Action No. WMN-03-1871. The Takara defendants, after initially opposing that request, have now indicated their consent. Given that these actions involve the same parties and the same subject matter, and that the California court transferred its case here so that the two cases could be resolved together, it is clear that the cases must be consolidated.

Strategene's request to reassign these cases to Judge Chasanow is based upon the pendency before her of a third case related to the '772 patent, <u>Strategene v. Invitrogen Corp.</u>, Civil Action No. DKC-01-3566. In that action, filed almost two years ago, Strategene alleges that Invitrogene is also infringing on the '772 patent. Thus, that action involves much of the same technology, the same core issues of operative facts, and many of the same witnesses and documents as the Strategene/Takara cases. In light of the complexity of the technology involved and the amount of time and effort necessary to become familiar with the factual issues to be resolved, Stratagene contends that it would be in the interest of judicial economy for the same judge to preside over these

three actions.  As construing the claims in a patent is often a prerequisite to determining whether there has been infringment, and as construing claims is done by the judge, not the jury, the advantages of a single judge hearing all three of these actions becomes even more apparent.  Having a single judge preside over these cases not only promotes efficiency, but also protects against inconsistent rulings.

The Takara defendants' primary response to the motion to reassign is to renew their contention that the Strategene/Takara cases should be transferred to Southern California.  They also opine that, although the <u>Invitrogen</u> litigation has been pending for close to two years, little progress has been made as to the substantive patent issues. They also represented that the <u>Invitrogen</u> action was stayed pending settlement negotiations, but a review of the docket in that action reveals that the parties have now informed Judge Chasanow that settlement negotiations were unsuccessful and the stay has been lifted.[1]

The undersigned finds Stratagene's arguments for

---

[1] The Takara defendants also opine that the undersigned would be "familiar . . . with the key inventorship and ownership issues in the [Strategene/Takara] litigation" after deciding their motion to dismiss.  Takara Opp. at 21.  These procedural motions, however, had little to do with the substance of the dispute.

reassignment compelling and, accordingly, will grant the request, exercising the Court's inherent authority to manage its docket. While it is impossible to predict if any of these cases will ever be fully litigated, should they be, coordinated proceeding under one judge would undeniably be the most effective and efficient course of proceeding. A separate order will issue.[2]

                                                /s/

                                      _____
                                      William M. Nickerson
                                      Senior United States District Judge

---

[2] The Takara defendants appear to believe that a motion to transfer the Stratagene/Takara cases to Southern California remains pending and that the California judge merely transferred the second-filed case here so that this Court could decide where both cases ultimately belong. The undersigned does not agree that a motion is currently pending, but if one were, Judge Chasanow would be in a better position than the undersigned to resolve it. The merits of any renewed transfer argument are bound up with the relatedness and particular procedural postures of the Stratagene/Takara and Stratagene/Invitrogen disputes. If the Stratagene/Invitrogen dispute turns out to be fully litigated, considerations of convenience of parties and judicial economy would certainly point to litigating the Stratagene/Takara disputes here as well. If the Stratagene/Invitrogen action is settled or otherwise resolved without the need for the claims in patent '772 to be construed, there is undeniably less reason to keep the Stratagene/Takara cases here. Strategene acknowledges that its primary reason for filing its case against the Takara defendant here was the pendency of the <u>Invitrogen</u> litigation. Potential issues related to the appropriateness of transfer provide yet another argument supporting reassignment.

```
Dated: September 24, 2003
```