# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

45 Rockefeller Plaza
Suite 2800
New York, New York
10111

Telephone
212 765-5070

Facsimile
212 258-2291

Web Site
www.fr.com

VIA ELECTRONIC FILING

January 13, 2004

Hon. Deborah K. Chasanow
U.S. District Court for the District of Maryland
Southern Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   Stratagene v. Takara, Inc. et al.
      CONSOLIDATED Civil Action No. 1:02-cv-3603 (DKC)

Dear Hon. Judge Chasanow:

The Takara parties agree with Stratagene's proposal for a telephone conference with the Court, as suggested in the letter transmitted by one of Stratagene's counsel (Mr. Bell) to the Court earlier today.

There are three issues to be discussed: (1) discovery prerequisite to mediation or a dispositive motion, (2) a scheduling order limiting proceedings to the key issues of inventorship and ownership of the patent-in-suit, and (3) a suitable protective order. (Takara's undersigned counsel had a "meet-and-confer" telephone discussion of a motion for scheduling and protective orders with one of Stratagene's counsel (Dr. Chambers) last Friday, January 9, 2003, and was preparing the motion when Mr. Bell's letter was received.)

The key issue in this case is that if Wayne M. Barnes is a joint inventor of the patent-in-suit and Takara Bio is a joint owner as assignee of Dr. Barnes, as Takara contends, then Stratagene lacks standing to sue Takara for infringement and—as a joint owner—Takara cannot be an infringer.

Takara requires discovery on the inventorship issue before there can be meaningful mediation. Stratagene wants a protective order before producing its inventorship

the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶4 of this Confidentiality Order.

**3. Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**4. Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

**5. Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party, *except that the attorneys of record may retain—subject to the provisions of this Order—their notes and memoranda, and one archival copy of produced documents containting confidential information*. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.


Greenbelt, MD                    _____
January ___, 2004    UNITED STATES [DISTRICT] [MAGISTRATE] JUDGE

documents, but—in spite of good faith efforts of all parties—we have not been able to agree on the terms of an order.

Takara's proposal for a protective order is attached. It is based on this court's website form for a stipulated protective order. Changes from the website form are shown by use of an italic font.

I am available for a telephone conference on short notice (one hour or more) during the remainder of this week and next week.

Very truly yours,


/S/ John B. Pegram

JBP/tmm

cc:   Kevin M. Bell, Esq., Patton Boggs LLP

30174051.doc

purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order *and consent to the jurisdiction of this court with respect to this Order*.

      (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence *and consent to the jurisdiction of this court with respect to this Order*.

    (e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    (f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

    **2. Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED *[Fill in date of this Order]*", together with a simultaneous motion pursuant to L.R. 104.13(c)(hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L. R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of

### [TAKARA'S PROPOSED] ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL
### (Local Rule 104.13)

Whereas, *the Takara parties have moved for an Order that certain discovery material of the parties be treated as confidential; and the arguments of counsel for the parties having been considered*;

Accordingly, it is this ____ day of January ___, 2004 by the United States District Court for the District of Maryland, ORDERED:

**1. Designation of Discovery Materials as Confidential.** All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed

confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), *or in other litigation or agency proceedings involving the parties, or in responding to court or agency order, provided that the same level of confidentiality provided by this Order is maintained.* The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. *Prior to disclosure to any such person, the person must be informed of and agree in writing to be bound by the terms of this Order and consent to the jurisdiction of this court with respect to this Order.*

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited