UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STRATAGENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED Civil Action |
| | ) | Nos. DKC 2002-3603 |
| TAKARA HOLDINGS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL
(Local Rule 104.13)**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this ____ day of _____, 2004, by the United States District Court for the District of Maryland, ORDERED:

1.  <u>Designation of Discovery Materials as Confidential</u>.  All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a)  The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information.  Except for documents

produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.  In no instance should any confidential information provided by either party leave the territorial jurisdiction of the continental United States unless those documents are under the continuous personal control of one of the attorneys of record in this case who is a permanent resident of the United States.  Any review of said confidential information will occur only under such counsel's personal supervision.

(ii) Disclosure may be made only to two designated employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.  Documents designated as confidential will be reviewed only under counsel's personal supervision.  Prior to disclosure to the two designated employees, the person must be informed and agree in writing to be bound to the terms of this Order and consent to the jurisdiction of this Court with respect to this Order.  In no instance, however, should any confidential information from the United States provided by either party be permitted to leave the territorial jurisdiction of the continental United States, except as provided in (1)(d)(i) above.

    (iii) Disclosure may be made to court reporters and interpreters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree in writing to be bound by the terms of this Order.  In no instance, however, should any confidential information provided by either party be permitted to leave the territorial jurisdiction of the continental United States, except as provided in (1)(d)(i) above.

    (iv) Disclosure may be made to consultants, investigators, translators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  In no instance should any confidential information provided by either party leave the territorial jurisdiction of the continental United States, except as provided in (1)(d)(i) above.  Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.  At least seven days before disclosure of confidential information to such expert, counsel of record shall be served with the following:

      a. A copy of the signed agreement ("CONFIDENTIALITY UNDERTAKING") to be bound by the terms of this Order (attached as Exhibit A); and

      b. A curriculum vitae of the designated expert including an identification of the expert's full name, professional address, educational background, all present nonconfidential employment or consultancies in the area of polymerase blend technology, all prior full-time nonconfidential employment

4

and consultancies within the last four years in the area of polymerases and polymerase blend technology, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years.

    c. Within seven days subsequent to being served with the documents set forth in (a.) and (b.) above, counsel of record may object to disclosure of confidential information to the designated expert, provided that such objection is served on counsel of record within said seven day period, and is in writing, stating the reasons for such objection.  If any such objection is served, no disclosure of any confidential information shall be made to the designated expert who is the subject of the objection, unless and until either the matter is resolved by agreement of the parties or by the Court.  If agreement cannot be reached between counsel within seven days after service of such objection, then such dispute shall be presented to the Court within the next seven days by motion or otherwise.

  (e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  (f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L. R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. <u>Challenging Designation of Confidentiality</u>. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. The

parties stipulate that a settlement order between the parties may address any other final disposition of the confidential material.

Dated:  February 6, 2004                                  Dated:  February 6, 2004

| /s/ Scott A.M. Chambers, Ph.D. | /s/ John B. Pegram |
|---|---|
| Marc R. Labgold, Ph.D. | Signed by S. Chambers (with permission) |
| Kevin M. Bell, Esq. (Bar No. 14382) | Linda Liu Kordziel (MD Bar No. 15212) |
| Scott A.M. Chambers, Ph.D. | FISH & RICHARDSON P.C. |
| PATTON BOGGS LLP | 1425 K Street, N.W., 11th Floor |
| 8484 Westpark Drive, Suite 900 | Washington, D.C. 20005 |
| McLean, Virginia 22102 | Telephone:  (202) 783-5070 |
| Telephone:  (703) 744-8000 | Facsimile:  (202) 783-2331 |
| Facsimile:  (703) 744-8001 | |
| | |
| Richard J. Oparil, Esq. (Bar No. 13063) | |
| Patton Boggs LLP | John B. Pegram (Bar No. 83128) |
| 2660 M Street, N.W. | Fish & Richardson P.C. |
| Washington, D.C. 20037 | 45 Rockefeller Plaza, Suite 2800 |
| Telephone:  (202) 457-6000 | New York, New York 10111 |
| Facsimile:  (202) 457-6315 | Telephone:  (212) 765-5070 |
| | Facsimile:  (212) 258-2291 |
| Counsel for Plaintiff Stratagene | |
| | Counsel for Defendant Takara |

_____
UNITED STATES [DISTRICT] [MAGISTRATE] JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STRATAGENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED Civil Action |
| | ) | Nos. DKC 2002-3603 |
| TAKARA HOLDINGS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CONFIDENTIALITY UNDERTAKING**

I certify that I have read the Stipulated Order Regarding Confidentiality of Discovery Material in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Maryland, for any proceedings involving the enforcement of that Order.

EXECUTED this _____ day of _____, 2004.

_____
Name

_____
Affiliation

_____
Business Address

**EXHIBIT A**