# Fish & Richardson p.c.

45 Rockefeller Plaza
Suite 2800
New York, New York
10111

Telephone
212 765-5070

Facsimile
212 258-2291

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

~

boston
dallas
delaware
new york
san diego
silicon valley
twin cities
washington, dc

<u>VIA E-FILING</u>

February 24, 2004

Hon. Jillyn K. Schulze
USDC for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20770

Re:   Stratagene v. Takara Holdings, Inc. et al
      DKC-02-3603

Dear Judge Schulze:

I am writing on behalf of the Takara parties regarding scheduling of discovery. In particular, we request that you schedule an in-person (preferred) or telephone conference with  counsel for the parties to discuss modification of the current discovery scheduling order (1) to limit initial discovery to the threshold issues of inventorship and ownership, and (2) to allow the Takara defendants sufficient time for discovery following Stratagene's production of documents on February 20, 2004. We also request that the pending deadlines be deferred pending the requested conference.

The current Scheduling Order (Docket No. 28) was entered by Judge Chasanow on December 12, 2003 after the second of these consolidated cases was assigned to her. That Order encouraged the parties to confer about a discovery plan; however, Stratagene's counsel apparently has been too busy with other matters to confer with us on that subject.

I certify that I have sought, without success, to confer by telephone with Stratagene's counsel regarding a modified discovery schedule, including by E-Mail messages on December 16, 2003 (4 days after entry of the initial Scheduling Order), and February 4, 18 and 19. ) Also, we requested a conference on scheduling issues in Takara's letter to Judge Chasanow on January 13, 2004 (Docket No.32), the day before her Order assignment of discovery scheduling to Judge Schulze (Docket No. 33). A copy of the latest exchange of  E-Mail messages (yesterday) with Stratagene's counsel is attached.

I am currently available to come to the Court for a discovery conference, on at least one day's notice, in the afternoon of any of the following dates:  February 25, 26, 27 and March 1, 2, 3.

**Background**

Both parties to this case have patents and applications with related subject matter.

Takara Bio is the assignee of Wayne M. Barnes, Ph.D., who filed a U.S. patent application directed to certain polymerase mixtures useful in polymerase chain reaction ("PCR") on February 19, 1993, leading to two issued patents (referred to as '149 and '277) and two applications still pending in the U.S. Patent & Trademark Office ("PTO").

In October, 1993, Dr. Barnes visited Stratagene and disclosed his invention to a number of persons there, including Dr. Joseph A. Sorge, the CEO. Thereafter, on December 8, 1993, Dr. Sorge and another Stratagene employee, Rebecca L. Mullinax, filed a U.S. patent application claiming the same and similar inventions to those claimed in the Barnes patents and applications. The patent examiner cited the Barnes patent application as prior art to that application. Dr. Sorge and Ms. Mullinax filed ex parte declarations asserting invention before Dr. Barnes' filing date. As a result, Stratagene obtained its patent-in-suit ("the '772 patent").

In 1996, Takara granted Stratagene a royalty-bearing, non-exclusive license to Stratagene under certain claims of Takara's '149 patent. Thereafter, in early 1997, Stratagene offered Takara a non-exclusive license under the '772 patent. Takara inquired about license terms, while expressing doubt about Sorge and Mullinax's claim of prior invention. There were no discussions between the parties of the '772 patent from January 1997 until August, 2002, when Stratagene's attorney wrote to Takara, suggesting a cross-license.

**The Pending Proceedings**

When Stratagene sued the Takara defendants for infringement of the '772 patent, Takara Bio filed an action requesting correction by the court of the inventorship of the '772 patent pursuant to 35 U.S.C. § 256, ¶ 2, and a declaration that Dr. Barnes was a joint inventor of the '772 patent (by virtue of his October 1993 disclosures to Stratagene), and that Takara Bio, as assignee of Dr. Barnes' inventions, is a joint owner of the '772 patent. (WMN-03-1871, consolidated with this case by Order on September 24, 2003, Docket No. 26)

If Takara Bio (or Dr. Barnes or anyone else) is a joint owner of the '772 patent, Stratagene lacks standing to sue for infringement. Standing is a "threshold issue" *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376 (Fed. Cir. 2000). *See Media Tech. Licensing L.L.C. v. Upper Deck Co.*, 334 F.3d 1366, 1369 (Fed. Cir. 2003) ("The Ninth Circuit, in common with other federal courts, recognizes that standing is a threshold question that must be resolved before proceeding to the merits of a case.") "Because standing is jurisdictional, lack of standing precludes a ruling on the merits." *Media Tech.,* 334 F.3d at 1370. *See also Textile Productions, Inc. v. Mead Corp.,* 134 F.3d 1481, 1485-86 (Fed. Cir. 1998) (affirming the district court's refusal to address motions, because of lack of standing).

Also, if Takara Bio is a joint owner of the '772 patent, it has a right to practice the invention of all of that patent's claims without accounting to Stratagene. It cannot be an infringer. 35 U.S.C. § 262. *See* 35 U.S.C. § 116, ¶ 1.

In addition to this litigation, there are two other, pending proceedings involving the '772 patent. One is an action filed in this court by Stratagene against Invitrogen Corp., asserting infringement by Invitrogen of the '772 patent. That case, Civil Action No. DKC-01-03566, appears to have been stayed for much of its life. The other proceeding is an *ex parte* reexamination of the '772 patent by the PTO, initiated by Invitrogen.

Also, as mentioned above, Stratagene and Takara Bio each have two pending patent applications, each claiming the priority of the respective parties' 1993 patent applications. It appears likely that the PTO will declare one or more patent interferences between Stratagene and Takara applications.

**The Present Discovery Situation**

We had understood, as recently as January 29th, that Stratagene's counsel was willing to extend the present discovery schedule by agreement and that the reason for not conferring on that subject was that they were to busy in other matters. Then, after 6 p.m. on February 9th, the day before initial Rule 26(a)(2) disclosures re experts were due, Stratagene's counsel sent us a letter by facsimile declaring their intent to proceed on the existing schedule. As a result, the parties exchanged initial Rule 26(a)(2) disclosures on the following day.

After months of negotiation, with the Court's assistance in the January 20, 2004 teleconference, a protective order was submitted by the parties and was entered by the Court on February 9, 2004.

Stratagene first produced documents purportedly relating to inventorship on Friday, February 20, 2004, over seven years after Takara expressed doubt about Stratagene's claim of prior inventorship. We received five boxes, apparently containing in excess of 17,000 pages of documents, half or more of which appear to be designated as "Confidential-Attorneys Eyes Only." Obviously, it will take some time to digest this material before we can proceed with related discovery and obtain expert reports, and Takara can make an informed decision regarding mediation (especially because Takara cannot assist us with reviewing the Attorneys Eyes Only material).

Therefore, we request a conference to reach agreement on an equitable discovery schedule for efficiently resolving the key issues in this case.

Very truly yours,

/s/John B. Pegram

John B. Pegram

JBP/tmm

letter to judge schulze 02 23 2004.doc

```
From: Chambers, Scott [SChambers@PattonBoggs.com]
Sent: Monday, February 23, 2004 10:48 AM
To: John Pegram; Labgold, Marc; Bell, Kevin
Cc: Takara Internal
Subject: RE: Stratagene v. Takara - Discovery Schedule
```

John, it is my understanding that there is already a scheduling order in place. It's not clear why you want to depart from it. If you feel a different scheduling order would benefit both parties, I would expect that you would propose one in writing prior to engaging in a letter writing campaign complaining we are not responding to your unstated requests and requesting a meeting with the judge. I do not recall receiving any written proposal from you, and it is difficult to comment upon any request you might have without seeing a concrete proposal.

Without any alternative proposal from you, I believe the best practice would be to stay on the schedule already set forth, as we previously indicated we would. If you feel a different proposal is necessary, please provide your proposal, we will comment upon it as soon as practical. Scott

```
-----Original Message-----
From: John Pegram [mailto:JBP@fr.com]
Sent: Monday, February 23, 2004 10:37 AM
To: Labgold, Marc; Chambers, Scott; Bell, Kevin
Cc: Takara Internal
Subject: Stratagene v. Takara - Discovery Schedule
```

Dear Marc, Scott & Kevin:

Apparently your schedule has not permitted you to respond to our requests for a telephone conference of counsel to discuss a revised discovery schedule in this case.

Therefore, we suggest a conference with Magistrate Judge Schulze, in person if that is practical, otherwise by telephone. We plan to write to Judge Schulze today, requesting such a conference.

We also request your agreement that presently scheduled deadlines be deferred pending such a conference.

Regards,

John

John B. Pegram
~ Fish & Richardson P.C.
45 Rockefeller Plaza, Suite 2800
New York, New York 10111
tel (212)765-5070
fax (212)258-2291
pegram@fr.com