March 1, 2004

Kevin M. Bell
(703) 744-8065
KBell@pattonboggs.com

Practice Limited To
Matters Before Federal Courts

**VIA ELECTRONIC FILING**

The Honorable Jillyn K. Schulze
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   *Stratagene v. Takara Holdings, Inc., et al.*
      Consolidated Civil Action No. DKC 2002-3603

Dear Judge Schulze:

I am writing on behalf of the plaintiff Stratagene in response to the February 24, 2004, letter submitted by Takara.

Takara has raised two separate discovery issues in its letter. The first relates to Takara's unilateral decision over Stratagene's objections to "phase" discovery in this case to first address only the issue of one of its affirmative defenses relating to inventorship. As the Court will recall, this issue was discussed during the parties' January 20, 2004, telephone conference with Your Honor. During that call, Stratagene stated its position that limiting discovery on Takara's affirmative defense was not only inefficient, but would not advance the case. Specifically, Stratagene respectfully submitted that all issues in this case should proceed simultaneously during the fact discovery period in accordance with standard practice. To do otherwise is prejudicial to Stratagene, the plaintiff in this action. It was Stratagene's understanding during the January 20th call that the Court concurred that taking fact discovery in limited stages was not efficient. The Court certainly did not order that discovery could be limited to Takara's affirmative defense. Although Stratagene has continued to seek discovery in this case on all issues, Takara has consistently chosen to limit its discovery responses and production of documents to its narrow affirmative defense of ownership. Takara has neither obtained a protective order from full disclosure of discovery nor has it even sought such relief. Instead, it has unilaterally opted to respond only to that discovery which it deems

The Honorable Jillyn K. Schulze
March 1, 2004
Page 2

appropriate in clear violation of the Federal Rules of Civil Procedure and Local Rules of this Court. Stratagene maintains that the parties should proceed in accordance with Judge Chasnow's December 12, 2003, Scheduling Order (Docket No. 28). In that regard, Stratagene has proceeded according to the Court's Order and provided Takara with Stratagene's opening expert reports on February 10, 2004, and completed all of its documents production on February 10, 2004. Stratagene seeks the Court's assistance in securing the discovery it is entitled to under this Court's Order and the Federal Rules of Civil Procedure.

With respect to opposing counsel's arguments that Stratagene has been unwilling to discuss a schedule, this assertion is simply not true. Stratagene has been trying to advance this litigation in accordance with the Court's Order and has fully complied with its discovery obligations. Despite Takara's unilateral phasing of discovery and refusal to engage in discovery on any topic other than inventorship, Stratagene has produced the relevant documents on all issues in this case. To date, Stratagene has responded fully to written discovery requests and has provided opening expert reports.[1] Takara's counsel, Mr. Pegram, chose to attach an e-mail from one of Stratagene's counsel in an attempt to indicate that Stratagene was somehow hindering the discovery process. However, prior to the submission of Takara's letter, Stratagene's counsel had provided numerous responses to various discovery requests and requested some proposal from Takara (copies attached hereto). Since that time, Takara's counsel has provided a proposal which includes a lengthy extension of Judge Chasnow's original Order. Stratagene opposes the requested extension. Takara should not be rewarded for its dilatory and obstructionist conduct with a s elf-imposed extension of time.

With respect to the second issue raised in Takara's letter regarding the need for "sufficient" time to review Stratagene's documents before proceeding with discovery, Stratagene here again opposes any efforts to unnecessarily extend Judge Chasnow's schedule. Stratagene has produced five boxes of documents responsive to Takara's request. Stratagene opposes any request for a lengthy extension of Judge Chasnow's original Order. Here again, Takara requests time extensions before discovery ensures, yet fails to provide any responses to Stratagene's proper requests.

---

[1] Stratagene did so to the best of its ability despite its lack of any responsive discovery from Takara.

The Honorable Jillyn K. Schulze
March 1, 2004
Page 3


While Stratagene is available for a conference with Your Honor to discuss any of these matters, it believes that the more appropriate method for Takara to take is to file any necessary motions in accordance with the local rules of this Court. Further, Stratagene requests that the Court enter an order that the parties are to proceed under the full terms of Judge Chasnow's December 12, 2003, Order unless or until any modification is entered by the Court issues. In that regard, Stratagene is preparing its motion(s) to compel complete responses to its written requests (FRCP 33 and 34) which have, to date, been ignored by Takara except where limited to its affirmative defense regarding inventorship.

Respectfully submitted,


   /s/  Kevin M. Bell
Kevin M. Bell
Counsel for Stratagene